787 So.2d 582 (2001)
Rita CEASAR
v.
WAL-MART STORES, INC.
No. 00-1181.
Court of Appeal of Louisiana, Third Circuit.
June 6, 2001.
*583 Philip A. Fontenot, Davidson, Meaux, Sonnier, McElligott & Swift, Lafayette, LA, Counsel for Defendant/Appellant, Wal-Mart Stores, Inc.
Kathy F. Meyers, Ville Platte, LA, Counsel for Plaintiff/Appellee Rita Ceasar.
Court composed of ULYSSES GENE THIBODEAUX, JIMMIE C. PETERS and ELIZABETH A. PICKETT, Judges.
THIBODEAUX, Judge.
Defendant/appellant, Wal-Mart Stores, Inc., appeals the judgment of the trial court in favor of the plaintiff/appellee, Ms. Rita Ceasar. Ms. Ceasar slipped and fell on a liquid substance on the floor at a Wal-Mart store in Eunice, Louisiana. The trial judge found that Wal-Mart owed a duty to keep the aisles clean of foreign substances on its floor and that Wal Mart *584 failed to use reasonable care in keeping its floor clean of foreign substances. The trial judge awarded Ms. Ceasar the sum of $2,500.00 in general damages, $1,260.30 in medicals, and lost wages in the amount of $175.00.

I.

ISSUES
The issues presented for review are:
(1) whether the trial court committed manifest error or was clearly wrong in denying Wal-Mart's motion for involuntary dismissal of the action pursuant to La.Code Civ.P. art. 1672(B); and,
(2) whether the trial court committed manifest error or was clearly wrong when it failed to find comparative fault on the part of Ms. Ceasar.

II.

FACTS
The plaintiff/appellee, Ms. Rita Ceasar, slipped and fell at a Wal-Mart store in Eunice, Louisiana, on August 9, 1997, at approximately 4:00 p.m. Ms. Ceasar slipped in what appeared to be a small amount of shampoo on the floor. Ms. Ceasar injured her lower back and left shoulder as a result of the fall. The incident occurred in the main or "action" aisle of the store near the housewares department as Ms. Ceasar was following her friend, Ms. Tammy Ceasar, to the checkout aisle. After the fall, Ms. Ceasar noticed a spot of the white substance in which she slipped on her pant leg and her shoe.

III.

LAW AND DISCUSSION

Standard of Review
An appellate court in Louisiana is constitutionally authorized to review both law and facts. La. Const. art. V, § 10(B). An appellate court may not set aside a trial court's findings of fact in the absence of a manifest error or unless it is clearly wrong. Stobart v. State through Dep't of Transp. and Dev., 617 So.2d 880 (La.1993); Rosell v. ESCO, 549 So.2d 840 (La.1989). The appellate court must determine not whether the trier of fact was right or wrong, but whether the factfinder's conclusion was a reasonable one, after reviewing the record in its entirety. Mart v. Hill, 505 So.2d 1120 (La.1987); Stobart, 617 So.2d 880; Rosell, 549 So.2d 840.
Even where the appellate court believes its inferences are more reasonable than the fact finders, reasonable determinations and inferences of fact should not be disturbed on appeal. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). Additionally, a reviewing court must keep in mind that if a trial court's findings are reasonably based upon the record and evidence, an appellate court may not reverse said findings even if it is convinced that had it been sitting as trier of fact it would have weighed that evidence differently. Housley v. Cerise, 579 So.2d 973 (La.1991). The basis for this principle of review is grounded not only upon the better capacity of the trial court to evaluate live witnesses, but also upon the proper allocation of trial and appellate functions between the respective courts.

Motion for Involuntary Dismissal & Constructive Notice
Wal-Mart contends that its motion for an involuntary dismissal pursuant to La.Code Civ.P. art. 1672(B) should have been granted when requested at the end of the plaintiff's case in chief. Wal-Mart argues that Ms. Ceasar failed to prove that the substance on the floor was there long *585 enough to have been discovered as required by La.R.S. 9:2800.6, which provides in part:
A. A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage.
B. In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:
(1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
(2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.
(3) The merchant failed to exercise reasonable care....
C. Definitions:
(1) "Constructive notice" means the claimant has proven that condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care.
The Louisiana Supreme Court in White v. Wal-Mart Stores, Inc., 97-0393 (La.9/9/97); 699 So.2d 1081, interpreted the provisions of La.R.S. 9:2800.6 and what a claimant must establish to prove a merchant had constructive notice:
Though there is no bright line time period, a claimant must show that "the condition existed for such a period of time ..." Whether the period of time is sufficiently lengthy that a merchant should have discovered the condition is necessarily a fact question; however, there remains the prerequisite showing of some time period. A claimant who simply shows that the condition existed without an additional showing that the condition existed for some time before the fall has not carried the burden of proving constructive notice as mandated by the statute. Though the time period need not be specific in minutes or hours, constructive notice requires that the claimant prove the condition existed for some time period prior to the fall.
Id. at 1084-85.
It is not necessary for a plaintiff to produce direct evidence to establish that a substance was on the floor for any length of time prior to the accident. If a reasonable inference can be drawn from the circumstantial evidence presented by the plaintiff that it was more probable than not the spill existed for some period of time prior to the accident, the court can conclude the store had constructive notice. It can be inferred from the totality of the circumstances that a foreign substance was on the floor for a sufficient amount of time that it would have been discovered had Wal-Mart exercised reasonable care. Broussard v. Wal-Mart Stores, Inc., 98-813 (La.App. 3 Cir. 1/20/99); 741 So.2d 65, writ denied, 99-0486 (La.4/1/99); 742 So.2d 562.
Ms. Ceasar argues that the facts of this case are similar to the facts in Broussard. In Broussard, the plaintiff slipped in spilled dishwashing detergent and fell in the Wal Mart store in Crowley, Louisiana. In Broussard, the plaintiff was unable to produce any direct evidence to establish that the substance on the floor was there for any length of time prior to the accident. However, this court found from the *586 circumstantial evidence the plaintiff presented that it was more probable than not that the spill existed for some period of time prior to the accident.
There is no question that Wal-Mart has a duty to keep the floors in their stores clean of foreign substances. It is undisputed, in this case, that some liquid substance was on the floor. The circumstantial evidence suggests that Wal-Mart had constructive notice of the spilled substance. Ms. Ceasar testified that Wal-Mart employees were in the general area where the spill occurred stocking merchandise. This testimony was corroborated by Ms. Tammy Ceasar, who was with Ms. Ceasar when the accident occurred. Ms. Tammy Ceasar also testified that she saw a spot of the substance on Ms. Ceasar's pant leg after the fall.
Mr. Doug Boone, Wal-Mart's manager on duty on the date of the accident, testified that he was not sure when that area was last zoned by a Wal-Mart employee. Mr. Boone also testified there were no records kept as to when the area was last zoned. Mr. Boone did testify that he saw the spilled substance on the floor after the accident.
Ms. Justa Guillory, the employee assigned to the area where the accident occurred, testified that it was her responsibility to zone that area. She testified that she zoned her area throughout the day and that zoning an area includes "picking up things that don't belong." Ms. Guillory also testified that zoning an area includes visual inspections of the floor and that she never recalled walking past spilled shampoo and not cleaning it up on the date of the accident. However, Ms. Guillory could not recall the last time she zoned the area or if Mr. Kenneth Benoit, the maintenance person in charge of the floor on the date of the accident, had ever cleaned that area.
It was also Mr. Boone's testimony that he neither questioned any Wal-Mart employee about the accident nor inquired as to whether or not there were any witnesses to the accident. Mr. Boone also did not know whether Mr. Benoit had walked the area in question or had cleaned the area either before or after the spill.
Furthermore, the testimony of Ms. Shanda Fontenot suggests that Wal-Mart had constructive notice of the spill. Ms. Fontenot was working at the Wal-Mart store as a cashier and doing returns the day of Ms. Ceasar's slip and fall. She testified that thirty minutes before the accident she was walking up and down "action alley" putting items that customers returned back onto the shelves and had walked the area approximately five to ten minutes before the accident. She testified that she did not see the substance on the floor. However, Ms. Fontenot also testified that she observed the spill after Ms. Ceasar slipped and fell. Ms. Fontenot also testified that no Wal-Mart employees were working in that area during the time she was making her returns.
Thus, according to Ms. Fontenot's testimony she did not see anybody working in the area of the accident; yet, the substance was indisputably on the floor. One can reasonably infer that the substance had been on the floor for at least thirty minutesthe time period Ms. Fontenot had been walking up and down "action alley" doing her returns. Additionally, there was a complete lack of evidence that anybody inspected or cleaned the floor thirty minutes prior to Ms. Ceasar's fall. While there was no testimony as to how or when the spill occurred, it can be inferred from these facts, and the totality of the circumstances, that the substance was on the floor for such a period of time that it should have been discovered had Wal-Mart exercised reasonable care.
The trial court heard the testimony in the plaintiff's case in chief and *587 made factual determinations that are based on the record. In his reasons for judgment, the judge stated that there were discrepancies in the testimony of both sides, but still he found for Ms. Ceasar. When the trial court's findings are based upon determinations regarding the credibility of witnesses, the manifest errorclearly wrong standard demands great deference to the trier of fact's findings. Where the fact finder's finding is based upon credibility determinations, that finding can virtually never be manifestly erroneous or clearly wrong. Rosell, 549 So.2d 840. The record indicates that the court's denial of Wal-Mart's motion for dismissal was not clearly wrong.
Wal-Mart had constructive notice of the substance on the floor and failed to exercise reasonable care by failing to discover the spot of shampoo before the accident. Mr. Boone testified that he did not know whether Mr. Benoit, the maintenance person in charge of the floor on the date of the accident, had walked the area in question. Mr. Boone also testified he did not know if Mr. Benoit had cleaned in that area before or after the spill. Also, there is no record to show that the area was swept or cleaned or maintained in any manner whatsoever.
As in Broussard, this case is the typical slip and fall case where the plaintiff is unlikely to know that a spill is on the floor until after she falls. In that case we noted:
This case mirrors the typical slip and fall case where the plaintiff is unlikely to know that a spill is on the floor until after she falls. As a result, the plaintiff cannot testify on her own behalf as to the length of time that the spill existed on the floor. Thus, the plaintiff must rely upon circumstantial evidence.
Broussard, 741 So.2d at 70.
Accordingly, the circumstantial evidence presented at trial leads us to conclude that it was more probable than not that the spill had existed for some time prior to the accident. Because Ms. Ceasar has satisfied the constructive notice requirement set forth in La.R.S. 9:2800.6 as interpreted by the White and Broussard opinions, the trial court correctly denied Wal-Mart's motion for involuntary dismissal and correctly found Wal-Mart failed to exercise reasonable care.

Comparative Fault
Wal-Mart contends that the trial court was manifestly erroneous in finding that Ms. Ceasar was not comparatively at fault in causing the accident. Wal-Mart emphasizes that there were no problems with lighting in the store, and that there were no displays located where Ms. Ceasar fell to distract her. They contend that if Ms. Ceasar had been looking at the floor, she would have seen the spill and avoided it.
We conclude that the trial court was not manifestly erroneous in finding no comparative fault. A customer has a duty to use reasonable care and to avoid obvious hazards. Crooks v. National Union Fire Ins. Co., 620 So.2d 421 (La.App. 3 Cir.), writs denied, 629 So.2d 391, 392 (La. 1993). In this case, Wal-Mart has not established that Ms. Ceasar failed to exercise reasonable care. Ms. Fontenot testified that the substance on the floor was either clear or white and that the floor in the store is an off-white linoleum. It is apparent that the substance on the floor was not highly visible given its color and the color of the linoleum floor. Considering the evidence, we find that the trial court was not clearly wrong in concluding there was no comparative fault.

IV.

CONCLUSION
Ms. Ceasar satisfied all the elements of La.R.S. 9:2800.6. It is undisputed that *588 there was a foreign substance on the floor in "action alley" on the date of the accident. Our conclusion is that the trial court's finding that the spilled substance was on the floor for some period of time before Ms. Ceasar slipped and fell was not manifestly erroneous. The condition existed for a time period sufficient for Wal-Mart to have discovered if it had exercised reasonable care. Wal-Mart employees were in the area before the accident, and none of them testified they saw the spilled substance yet, the substance was on the floor. This spilled substance created an unreasonable risk of harm to Ms. Ceasar, and that risk of harm was reasonably foreseeable by Wal Mart considering their employees were in the area of the spill. This unreasonable risk of harm led to Ms. Ceasar's slip and fall and, therefore, the trial court was not manifestly erroneous in failing to grant Wal-Mart's motion for an involuntary dismissal or for granting judgment in favor of Ms. Ceasar.
Based on the foregoing reasons, the judgment of the trial court is affirmed. Wal-Mart Stores, Inc. is cast for all costs of this appeal.
AFFIRMED.