805 So.2d 446 (2002)
Walter W. MOORE
v.
BROOKSHIRE GROCERY COMPANY, INC. etc.
No. 01-0737.
Court of Appeal of Louisiana, Third Circuit.
January 16, 2002.
*447 David A. Hughes, Hughes & LaFleur, Alexandria, LA, Counsel for Brookshire Grocery Company, Inc. d/b/a Super One Foods.
Richard Eric Starling Jr., Attorney at Law, Pineville, LA, Counsel for Walter W. Moore.
Court composed of SYLVIA R. COOKS, JOHN D. SAUNDERS, BILLIE COLOMBARO WOODARD, MARC T. AMY, and GLENN B. GREMILLION, Judges.
SAUNDERS, Judge.
Walter Moore appeals the granting of a directed verdict by the trial court dismissing his claim. After reviewing this matter, we reverse the decision of the trial court.

FACTS AND PROCEDURAL BACKGROUND
On August 10, 1997, Walter Moore was injured while shopping at the Super 1 Food Store in Pineville, Louisiana. Super 1 Food Store ("Super 1") is operated by the defendant Brookshire Grocery Company, Inc. ("Brookshire"). Moore was shopping for diapers for his granddaughter.
Moore entered the store and proceeded to Aisle 5 which was near the produce department and which contained the diapers. When Moore entered the aisle, he saw a couple with a full basket of groceries at the opposite end of the aisle and another unattended shopping basket about midway down the aisle. Moore testified that he walked twelve to fifteen feet down the aisle before slipping on grapes which were on the floor near the unattended cart. This accident resulted in his injuries. Moore never reached the couple with the full basket of groceries who were further down the aisle.
Parnell Priester ("Priester") was the assistant manager who was on duty at the time of the accident and who investigated the accident. In his testimony, he acknowledged that he found three or four grapes on the floor where Moore fell. He explained that the grapes were next to the unattended cart. In this cart, there was a bag of grapes which appeared to have been torn or untied. In his observation, Priester testified that the grapes likely fell from the cart.
At the time of the accident, Chris Thibodeaux ("Thibodeaux"), an employee of Super 1, was standing on a ladder approximately ten to fifteen feet from where the accident occurred. He was located on the opposite end of the aisle. Although Thibodeaux testified that he would not *448 have been able to see the grapes from the ladder because they were too small, Priester, his manager, testified that Thibodeaux should not only have been able to see the grapes from where he was standing, but that he should have been able to see the grapes on the floor while he mounted the ladder.
As a result of the accident, Moore filed suit against Brookshire Grocery Company, Inc. D/B/A Super One Foods. During the trial, Moore entered into evidence photographs of the grapes, diagrams of Aisle 5, and medical bills. In addition, the plaintiff called several witnesses including Priester, Moore, Thibodeaux, and others to testify regarding the entire scenario. At the close of Moore's case, Super 1 moved for a directed verdict on the basis that the plaintiff did not meet his burden of proof under La.R.S. 9:2800.6. The trial court granted the motion for directed verdict and dismissed Moore's suit. Now, Moore appeals this decision. On appeal, Moore asserts that the trial court erred in granting the directed verdict in this case.

LAW AND ANALYSIS

MOTION FOR DIRECTED VERDICT
Pursuant to La.Code Civ.P. art. 1810, we have articulated and consistently upheld the standard for granting a directed verdict in a jury trial. In Campbell v. Mouton, 373 So.2d 237, 239 (La.App. 3 Cir.1979), we recognized that the trial court should consider all of the evidence. It should consider the evidence which supports the non-mover's case in the light and with all reasonable inferences most favorable to the party opposed to the motion. If the facts and inferences point so strongly and overwhelmingly in favor of the moving party and the trial court believes that reasonable men could not arrive at a contrary verdict, granting of the motion is proper. On the other hand, if there is substantial evidence in opposition to the motion and if the evidence is of such quality and weight that reasonable and fair-minded men in the exercise of impartial judgment might reach a different conclusion, the motion should be denied.
On appeal, we must not ascertain whether Moore, the Plaintiff, proved his case by a preponderance of the evidence, but, after viewing all of the evidence submitted, we must ascertain whether reasonable people could have reached a verdict in favor of Moore, the non-mover. Carter v. Western Kraft Paper Mill, 94-524 p. 4 (La.App. 3 Cir. 11/2/94); 649 So.2d 541, 544. Further, in determining the propriety of the trial court's decision, the evidence must be analyzed through the looking glass of substantive law. See Odom v. State Dep't of Health and Hosps., 98-1590 p. 6-7 (La.App. 3 Cir. 3/24/99); 733 So.2d 91, 96. Bernard v. Ferrellgas, Inc., 96-621 p. 5 (La.App. 3 Cir. 2/5/97); 689 So.2d 554, 557.

BURDEN OF PROOF IN CLAIMS AGAINST MERCHANTS
La.R.S. 9:2800.6 provides in pertinent part:
B. In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden or proving, in addition to all other elements of his cause of action, all to the following:
(1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
(2) The merchant either created or had actual or constructive notice of the *449 condition which caused the damage, prior to the occurrence.
(3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.
C. Definitions:
(1) "Constructive notice" means the claimant has proven that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care. The presence of an employee of the merchant in the vicinity in which the condition exists does not, alone, constitute constructive notice, unless it is shown that the employees knew, or in the exercise of reasonable care should have known, of the condition.
Louisiana law provides that when a statute is clear and unambiguous, and its application does not lead to absurd results, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature. La. Civ.Code art. 9. The Louisiana Supreme Court has recognized that this statute is clear and unambiguous. White v. Wal-Mart Stores, Inc., 97-0393 p. 5 (La.9/9/97); 699 So.2d 1081, 1084. To maintain a cause of action, the plaintiff must prove each of the enumerated elements of this statute. Id.
In this case, the ultimate question is whether Moore provided sufficient evidence to prove that Super 1 had constructive knowledge of notice that the grapes were located on the floor prior to the fall in accordance with La.R.S. 9:2800.6(B)(2). The Louisiana Supreme Court has recognized that constructive notice involves a temporal element. White, 99-0393 p. 4, 699 So.2d at 1085. The claimant must make a positive showing of the existence of the condition prior to the fall. Although there is no bright line time period, the claimant must prove that the condition existed for sufficient time that a merchant should have discovered the condition. The court recognized, "[w]hether the period of time is sufficiently lengthy that a merchant should have discovered the condition is necessarily a fact question; however, there remains the prerequisite showing of some period of time." Id. at 1084.
Super 1 argues that the Plaintiff did not meet his burden of proving the temporal element or timeline. The Defendant acknowledges that there is circumstantial evidence in the record which would indicate that the grapes fell from the broken bag of grapes contained in the unattended cart located adjacent to where Mr. Moore fell. However, the Defendant alleges the grapes also could have fallen from the full cart of the couple shopping in the same aisle. Further, if Moore's testimony was accepted that the grapes fell from the unattended cart, the Defendant argues that the one minute it may have taken Moore to walk twelve to fifteen feet down the aisle was an insufficient time period for the merchants to exercise reasonable care in the discovery and removal of grapes. Overall, Super 1 argues that Moore did not produce any concrete evidence and produced insufficient circumstantial evidence which would allow jurors to infer that he carried his burden of proving the temporal element of constructive notice as required by the statute.
We disagree with the Defendant's argument for the following reasons. First, Moore showed by his testimony, corroborated by others, that the abandoned cart from which the grapes had likely fallen was present from the time that he entered the aisle until he fell. Thus, the grapes *450 were on the floor at least the time it took for Moore to traverse the aisle. In addition, the fact that the unattended cart was not disturbed would make it more probable than not that the grapes had been on the floor at the time the cart was abandoned since grapes would not likely fall from an undisturbed cart. This would make the time period even longer. Further, Thibodeaux was present on the ladder while Moore walked down the aisle with an unobstructed view of the aisle. Although the statute specifically states that the presence of an employee alone does not constitute constructive notice, it is a significant factor in determining constructive notice. Finally, Priester, the manager, testified that Aisle 5 should have been monitored very closely because of its close proximity to the produce department. Adding all of these factors together, it is reasonable to conclude that the grapes were on the floor for a period of time prior to the slip and fall and, thus, meeting the temporal requirement.
In Davenport v. Albertson's, Inc., 00-685 p. 4 (La.App. 3 Cir. 12/6/00); 774 So.2d 340, 343, this court determined the following:
[A] plaintiff in a slip and fall case may prove constructive notice on part of the defendant by introducing circumstantial evidence of the existence of the condition. We reject a finding that the plaintiff must prove, via eye witness testimony, that the condition existed for a certain number of minutes prior to the fall. Broussard v. Wal-Mart Stores, Inc., 98-813 (La.App. 3 Cir.); 741 So.2d 65, writ denied 99-0486 (La.4/1/99); 742 S.2d 562. The factfinder can reasonably infer from circumstantial evidence that it is more probable than not that the condition existed for some time prior to the accident.
In this case, the Plaintiff has presented sufficient circumstantial evidence to show that, more likely than not, the grapes were on the floor for a period of time which was longer than the Plaintiff was in the aisle and, also, that Thibodeaux was in a position to discover the peril longer than the Plaintiff was in the aisle. Accordingly, the grapes were on the floor long enough to be discovered by the merchant prior to the accident.

DECREE
For the above reasons, the trial court's judgment granting the motion for directed verdict and dismissing Moore's suit is reversed. All costs of this appeal are assessed to the Defendant.
REVERSED.
AMY, J., dissents and assigns written reasons.
GREMILLION, J., dissents for the reasons assigned by Judge AMY.
AMY, Judge, dissenting.
I respectfully dissent from the majority view as I conclude that the plaintiff presented insufficient evidence to establish the time-frame of the condition's existence. In my opinion, this lack of evidence precludes the finding that the plaintiff has satisfied the temporal element discussed by the Louisiana Supreme Court in White v. Wal-Mart Stores, Inc., 97-0393, p. 4 (La.9/9/97); 699 So.2d 1081, 1084-85, wherein the court stated: "Though the time period need not be specific in minutes or hours, constructive notice requires that the claimant prove the condition existed for some time period prior to the fall." As I conclude that the evidence demonstrates the existence of the condition only at the time of the fall and does not provide any time-frame for its existence otherwise, I *451 find no error in the trial court's entry of the directed verdict.