# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 07-348


LESTER BLACKMAN, ET AL.

VERSUS

BROOKSHIRE GROCERY COMPANY


************

APPEAL FROM THE
CITY COURT OF ALEXANDRIA,
PARISH OF RAPIDES, NO. 103,325,
HONORABLE RICHARD E. STARLING, JR., CITY JUDGE

************

## MICHAEL G. SULLIVAN
## JUDGE

************

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Marc T. Amy, and Michael G. Sullivan, Judges.

**AFFIRMED.**

V. Ross Cicardo
Cicardo Law Firm
Post Office Box 3565
Lafayette, Louisiana 70502
(337) 268-9511
Counsel for Plaintiffs/Appellees:
    Lester Blackman
    Loretta Blackman

J. Morgan Passman
Walker & Passman
Post Office Box 13020
Alexandria, Louisiana 71315-3020
(318) 445-4516
Counsel for Defendant/Appellant:
    Brookshire Grocery Company

SULLIVAN, Judge.

Defendant, Brookshire Grocery Company, appeals a decision of the trial court granting judgment in favor of Plaintiffs, Lester Blackman and Loretta Blackman. For the following reasons, we affirm.

**FACTS**

This case involves a slip and fall accident which occurred on July 16, 2004 at the Brookshire Grocery Company d/b/a Super One Foods (Super One) in Alexandria, Louisiana. Lester Blackman alleged that as he was grocery shopping, he suddenly and without warning slipped in a foreign substance on the floor, causing him to sustain severe personal injuries. As a result of the accident, Mr. Blackman filed suit against Super One seeking general and special damages, including past and future medical expenses, lost wages, and loss of earning capacity. His wife, Loretta Blackman, sought damages for loss of consortium.

Following a one-day trial on August 21, 2006, judgment was rendered on November 15, 2006, in favor of Plaintiffs and against Super One in the sum of $35,000, together with legal interest from the date of judicial demand and all costs of the proceeding.

Super One timely filed a motion and order for suspensive appeal on November 21, 2006. It assigns two errors in its appeal to this court. First, Super One asserts that the trial court manifestly erred in finding that Plaintiffs met the burden of proof regarding constructive notice demanded by *White v. Wal-Mart Stores, Inc.*, 97-393 (La. 9/9/97), 699 So.2d 1081. Second, Super One asserts that the trial court manifestly erred in finding that the store manager had time to dispatch an employee in the produce department to the spill site prior to the fall, after having actual notice of the condition.

## STANDARD OF REVIEW

An appellate court may not set aside a trial court's finding of fact in the absence of manifest error or unless it is clearly wrong. *Rosell v. ESCO*, 549 So.2d 840 (La.1989). Where there is a conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even where the appellate court feels that its own evaluations and inferences are as reasonable. If the trial court's findings are reasonable in light of the record read in its entirety, a court of appeal may not reverse even though it is convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently. *Id.*

When the trial court's findings are based on determinations regarding the credibility of witnesses, the manifest error—clearly wrong standard demands that great deference be given to the trier of fact's findings. This is so because only the fact finder can be aware of the variations in demeanor and tone of voice that bear so heavily on the listener's understanding and belief in what is said by the witnesses. *Id.* It is only where the documents or objective evidence so contradict a witness's story, or the story is so internally inconsistent or implausible on its face that a reasonable fact finder would not credit the witness's story, that the court of appeal may find manifest error or clear wrongness in a finding purportedly based on a credibility determination. *Id.*

## LAW AND ANALYSIS

The imposition of tort liability on a merchant for a patron's injuries resulting from a slip and fall is governed by statute. Louisiana Revised Statutes 9:2800.6, which is commonly referred to as the merchant liability statute, was enacted by the

2

Louisiana Legislature in 1988. At the time relevant to the matter at hand, the merchant liability statute provided, in pertinent part, as follows:

**La.R.S. 9:2800.6. Burden of proof in claims against merchants**

A. A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage.

B. In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:

(1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.

(2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.

(3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.

C. Definitions:

(1) "Constructive notice" means the claimant has proven that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care. The presence of an employee of the merchant in the vicinity in which the condition exists does not, alone, constitute constructive notice, unless it is shown that the employee knew, or in the exercise of reasonable care should have known, of the condition.

Four witness testified at the August 21, 2006 trial of this matter: Plaintiffs, Mr. and Mrs. Blackman; Mrs. Vivian Davis (Mrs. Davis), an independent witness; and Mr. Reynoldo Mondell (Mr. Mondell), a manager on duty at Super One at the time of the accident. The matter was taken under advisement and the attorneys were

given time to submit post-trial briefs. The trial court issued written reasons for judgment on October 31, 2006. Those reasons provide, in part:

> This case involves an accident which occurred on July 16, 2004 in the Super One Foods in Alexandria, La. The plaintiff's (sic), Lester Blackman and Loretta Blackman, were patrons in the store pushing a shopping cart when Mr. Blackman slipped in what an independent witness, Vivian Davis, described as spaghetti sauce in the spaghetti aisle. Ms. Davis saw the sauce on the floor prior to the fall and reported it to management. Ms. Davis testified that the spill was within 10-15 feet of the produce aisle. Ms. Davis was returning to the spill after reporting it when she saw Mr. Blackman slip in the sauce. Ms. Davis testified that it took her approximately one minute to travel from the site of the spill to the front of the store to talk to a manager. She said she spoke to the manager for approximately one minute before returning to the site of the spill. She then testified that she returned to the spill site and just before she could warn Mr. Blackman, he slipped in the sauce. She also testified that that (sic) she was in the produce aisle prior to seeing the sauce on the floor and did not hear glass break. The testimony makes it clear that the foreign substance was on the floor in excess of 3 minutes. The manager on duty, Mr. Reynaldo (sic) Mondell, testified that 5-6 employees would have been working in the produce department adjacent to the area where Mr. Blackman slipped. There was also testimony that the aisle had not been inspected for over 2 hours prior to the fall in violation of Super One's store policy. The store employees testified they observed pieces of glass in the sauce. The court is of the opinion that the plaintiff met the burden of proof regarding constructive notice demanded by White v. Wal-Mart Stores, Inc., 699 So. 2d 1081 (La. 1997). The court is also of the opinion that the store manager had time to dispatch an employee in the produce department to the spill site prior to the fall after having actual notice of the condition. Accordingly the court finds Super One Foods 100% liable for the injuries sustained by Mr. Lester Blackman.

**Constructive Notice**

The Louisiana Supreme Court recognized in *White*, 699 So.2d at 1084-85, that the constructive notice requirement found in the merchant liability statute involves a temporal element:

> Though there is no bright line time period, a claimant must show that "the condition existed for such a period of time . . . " Whether the period of time is sufficiently lengthy that a merchant should have discovered the condition is necessarily a fact question; however, there remains the prerequisite showing of some time period of time. A

4

claimant who simply shows that the condition existed without an additional showing that the condition existed for some time before the fall has not carried the burden of proving constructive notice as mandated by the statute. Though the time period need not be specific in minutes or hours, constructive notice requires that the claimant prove the condition existed for some time period prior to the fall. This is not an impossible burden.

The plaintiff in a slip and fall case may use circumstantial evidence to establish the temporal element. *Henry v. Wal-Mart Stores, Inc.*, 99-1630 (La.App. 3 Cir. 3/1/00), 758 So.2d 327, *writ denied*, 00-929 (La. 5/26/00), 762 So.2d 1107.

Super One focuses on three elements in its argument that the trial court erred in finding that it had constructive notice of the spill that caused Mr. Blackman to slip and fall. First, Super One submits that three minutes is an insufficient period of time for a merchant to exercise reasonable care in the discovery and removal of a spill. Next, Super One argues that the trial court's finding that five or six of its employees were in the vicinity of the spill does not satisfy Plaintiffs' burden of proving constructive notice. Lastly, Super One argues that the trial court's finding that the aisle where Mr. Blackman slipped had not been inspected for over two hours prior to the fall, in violation of Super One's store policy, was insufficient to prove that the store had constructive notice of the spill.

Plaintiffs counter that while each of the individual factual findings made by the trial court may be insufficient to prove that Super One had constructive notice of the spill, taken together, those facts strongly support the imposition of liability on Super One. We agree.

In *Moore v. Brookshire Grocery Co.*, 01-737 (La.App. 3 Cir. 1/16/02), 805 So.2d 446, *reversed,* 02-525 (La. 6/21/02), 824 So.2d 345, this court reversed the trial court's grant of defendant's motion for directed verdict and subsequent dismissal of

plaintiff Moore's suit. We found that Moore had presented sufficient circumstantial evidence to show that, more likely that not, the grapes which plaintiff slipped on had been on the floor for a period of time longer than the plaintiff was on the aisle. In addition, we concluded that a store employee working on a ladder on that same aisle was in a position to discover the peril for a period of time longer than the plaintiff was on the aisle. Thus, we held that Moore had met his burden of proving that the defendant had constructive notice of the hazardous condition. *Moore*, 805 So.2d at 450. In reversing this court's decision, the supreme court held that the plaintiff therein had not met his burden of proving the temporal element of constructive notice required in the merchant liability statute as "[p]laintiff produced no positive evidence that the grapes were on the floor some period of time before his fall." *Moore*, 824 So.2d at 345.

Here, Plaintiffs presented positive evidence to show that the red substance was on the floor for a period of time before the accident. Mrs. Davis noticed the spill, walked to the front of the store to report it to management, and had re-entered the spaghetti aisle when Mr. Blackman slipped. The trial judge found that the foreign substance was on the floor *in excess of three minutes*. We have carefully examined Mrs. Davis' testimony. Upon questioning by Super One's attorney on cross-examination, she stated that it took her a minute or so to walk to the front of the store, another minute or so to report the spill to a manager, and somewhere in the neighborhood of another minute or less to return to the spaghetti aisle. Mrs. Davis also testified that she had not heard any glass breaking as she shopped in the produce section prior to entering the spaghetti aisle. Our reading of Mrs. Davis' testimony convinces us that three minutes is the minimum amount of time that the spill existed

6

before Mr. Blackman's accident. Super One's argument that three minutes is an insufficient time period within which it could be said to have had constructive notice of the spill is without merit and amounts to a mischaracterization of the trial court's actual finding.

Super One next asserts that the trial court's finding that five or six of its employees were in the vicinity of the spill does not prove that it had constructive notice of the spill. We agree that the presence of a merchant's employee(s) near the condition does not, in and of itself, constitute constructive notice of the condition. That being said, the presence or absence of such employee(s) in the vicinity of an unsafe condition is certainly a significant factor to be considered in determining whether a merchant had constructive notice. Super One's floor care and maintenance policy dictated that as a required part of their daily duties, all employees were to be alert to any unsafe conditions and to constantly inspect the floors as they worked and moved about the store. Certainly one could assume that if more employees are working near a certain area, the probability that any unsafe condition in that area could be identified and remedied is increased.

Super One's final argument with regard to constructive notice is that the trial court's focus on Super One's policy was insufficient to prove that it had constructive notice. We are mindful that La.R.S. 9:2800.6(B)(3) clearly states that in determining whether the merchant failed to use reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care. However, whether a merchant has a safety policy, whether that policy specifically provides how often employees are to inspect for unsafe conditions, and whether any such policy was violated are certainly relevant questions, the

7

answers of which significantly aid a trial court in determining whether a merchant failed to exercise reasonable care.

Mr. Mondell, the assistant manager on duty at the time of Mr. Blackman's accident, testified that Super One had a policy regarding floor care and maintenance, but that policy did not specify how often the aisles needed to be inspected. He further testified that his personal preference was to check the aisles every thirty to forty-five minutes. It was Mr. Mondell's responsibility to fill out an accident report regarding Mr. Blackman. Part of that responsibility was determining which employee had last inspected the area where Mr. Blackman fell. Mr. Mondell testified that he had been the last employee to inspect the area and that his inspection took place two and one-half hours prior to the accident.

Mr. Mondell testified that when he followed Mr. Blackman to the area of his slip and fall, he noticed a red substance on the floor which appeared to be picante sauce. He stated that as he cleaned the spill, he found a piece of broken glass which he considered to be the bottom of a glass container.

We are convinced that the trial judge was correct in concluding, based upon the totality of the evidence presented, that Plaintiffs met their burden of proving that Super One had constructive notice of the unsafe condition that caused Mr. Blackman's injury.

### Actual Notice

The trial court concluded that the store manager had time to dispatch an employee in the produce department to the spill site prior to the fall after having actual notice of the condition. Super One argues that this finding is clearly erroneous.

The trial court concluded that Mrs. Davis provided Super One's management with actual notice of the unsafe condition that caused Mr. Blackman to slip. The trial court further concluded that the condition existed in excess of three minutes before Mr. Blackman's accident. He also determined that five or six employees were working in the produce department adjacent to the area where Mr. Blackman slipped.

Super One had an intercom system, as testified to by Mrs. Davis. The trial court concluded that the manager had time to "dispatch" an employee from the produce department to the spill site prior to the accident. In light of its finding that five or six Super One employees were working in the produce department near the spill site, we cannot conclude that trial court manifestly erred in finding that Super One had time to get to the spill site before Mr. Blackman was injured.

## CONCLUSION

We have reviewed the record in its entirety. There are clear discrepancies in the testimony, and those discrepancies were noted by the trial court at the close of the evidence. Nonetheless, it found liability on the part of Super One and awarded Plaintiffs damages. The trial court's findings were based upon determinations of credibility. The manifest error—clearly wrong standard demands that we afford great deference to the trier of facts findings, and where, as here, those findings were based upon credibility determinations, those findings can virtually never be manifestly erroneous or clearly wrong. *Rosell*, 549 So.2d 840. See also *Ceasar v. Wal-Mart Stores, Inc.,* 00-1181 (La.App. 3 Cir. 6/6/01), 787 So.2d 582, *writ denied*, 01-1899 (La. 10/26/01), 799 So.2d 1143. We find no error in the trial court's determination that Super One was liable for the damages suffered by Plaintiffs.

9

**DECREE**

For the foregoing reasons, we affirm the judgment of the trial court. All costs of this appeal are assessed to Defendant, Brookshire Grocery Company d/b/a Super One Foods.

**AFFIRMED.**