427 So.2d 648 (1983)
Walter DAVIS, d/b/a Quik Print
v.
Kenneth D. MYERS and Donna Myers.
No. 82-CA-25.
Court of Appeal of Louisiana, Fifth Circuit.
February 7, 1983.
Rehearing Denied March 17, 1983.
McCloskey, Dennery, Page & Hennesy, Ann Wise, New Orleans, for plaintiff-appellant.
Steve J. Mortillaro, Metairie, for defendants-appellees.
Before BOUTALL, CHEHARDY and GRISBAUM, JJ.
CHEHARDY, Judge.
In this suit on open account, Walter Davis, doing business as Quik Print, sued Kenneth D. Myers and Donna Myers (Mr. and Mrs. Kenneth D. Myers) for $498.91 in unpaid printing invoices. The defendants answered by general denial and filed exceptions of no cause and/or no right of action that were referred to the merits. After trial, at which only the plaintiff testified, the trial court rendered judgment dismissing plaintiff's demand on the ground he had failed to prove the individual liability of the defendants. Davis' motion for new trial was denied, and he appealed. Defendants neither appealed nor answered the appeal. We reverse, finding that defendants failed to rebut the prima facie case established by plaintiff.
The crucial factor in this case is that the defendants, although present at trial, never testified, and presented no evidence on their own behalf. Davis testified that the Myerses established an account with him in March or April 1980, under the name of Southern Strategy. He understood them to be the sole owners of that business, an advertising and public relations firm. In September 1980 they ordered business stationery from *649 Davis for one of their customers, Sundance Petroleum, Limited. The work was billed to Southern Strategy under two separate invoices, one for $269.03 dated September 8, 1980, and one for $229.88 dated September 18, 1980.
Davis testified further that he sent them a statement every month. When they continually failed to pay, he began telephoning their business to request payment. Eventually, his attorney sent them a demand letter, with copies of the invoices, via certified mail. In June 1981 this suit was filed.
As stated above, the Myerses did not testify, and no reason was given for their silence. The thrust of defense counsel's cross-examination of the plaintiff, however, was an attempt to establish, first, that Southern Strategy was a partnership and thus should have been sued in the partnership name; secondly, that Southern Strategy was not liable for the printing charges because it was an agent for a disclosed principal, Sundance Petroleum. Davis testified, however, that he was unaware of any partnership status of Southern Strategy or the Myerses. He knew the stationery was not intended for Southern Strategy's use, but as far as he was concerned the work was being done by him for Southern Strategy. It was not until the beginning of his collection efforts, when the bill was perhaps 60 days overdue, that the Myerses told him they would pay him when their client paid them. He said he never agreed to that arrangement.
Following the presentation of plaintiff's case, the defense moved for a dismissal under LSA-C.C.P. art. 1810, on the ground that the Myerses were agents for a disclosed principal and as such were not liable for purchases made within the scope of their agency.
The trial judge's initial impulse was to award judgment in favor of the plaintiff against Southern Strategy. The defendants, however, argued he could not do this because Southern Strategy was not a named defendant. Further, since Davis had sued the Myerses without alleging they were doing business as Southern Strategy, the defendants argued he could not get judgment against them individually. The judge took the case under advisement, eventually ruling in favor of the defendants.
LSA-C.C.P. arts. 736 and 737 provide:
"A person who does business under a trade name is the proper defendant in an action to enforce an obligation created by or arising out of the doing of such business." C.C.P. art. 736.
"A partnership has the procedural capacity to be sued in its partnership name.
"The partners of an existing partnership may not be sued on a partnership obligation unless the partnership is joined as a defendant." C.C.P. art. 737.
The defendants never raised an exception of nonjoinder of an indispensable party. Their exceptions of no cause and/or no right of action, overruled by the trial judge at the conclusion of the trial, were no substitute for an exception of nonjoinder. They presented absolutely no evidence on their own behalf; they did not even testify as to whether Southern Strategy was in fact a partnership.
The existence of a partnership requires a sharing in the profits and losses of the business enterprise and mutual consent to form a partnership. The property of or stock in the enterprise must form a community of goods in which each partner has a proprietary interest. LSA-C.C. arts. 2801, 2805, 2813, 2814; Franklin Printing Co. v. Scott Fence, Etc., 392 So.2d 170 (La.App. 4th Cir.1980), writ denied 397 So.2d 805 (La.1981).
When a defendant in a civil case can by his own testimony throw light upon matters at issue, necessary to his defense and particularly within his own knowledge, and fails to go upon the witness stand, the presumption is raised, and will be given effect, that the facts, as he would have them, do not exist. Ruthardt v. Tennant, 252 La. 1041, 215 So.2d 805 (La.1968).
This court may notice on its own motion the failure to join an indispensable *650 party, and may remand the case to the trial court to permit amendment of the petition, LSA-C.C.P. arts. 645 and 646. However, we see no need to do so here. The defendants have produced not a scintilla of evidence to support allegations which they have raised not by their pleadings but only by implication (in their attorney's cross-examination of the opposing party, his argument to the trial court, and defendants' post-trial memorandum).
The plaintiff here produced a prima facie case to support his claim the defendants are individually liable on the open account. The only possible evidence to indicate Southern Strategy was a partnership rather than simply a trade name is that the account was open in that name rather than the names of the individual defendants. There is, nonetheless, nothing else to establish that plaintiff should have been put on notice of possible partnership status; apparently defendants dealt with him as individuals, without advising him of or giving him reason to know of a partnership entity. They failed to produce any evidence to rebut his prima facie case against them.
Davis' testimony also established that he never agreed to wait for payment of his bill until defendants were paid by their client. Defendants failed to rebut this testimony. See Barbato, Super & Robinson v. Koerner, 394 So.2d 820 (La.App. 4th Cir.1981). We conclude that Walter Davis is entitled to judgment in his favor.
Pursuant to LSA-R.S. 9:2781, plaintiff is entitled to be awarded reasonable attorney's fees for the successful prosecution of this suit on open account. Counsel for plaintiff entered into evidence, without objection or cross-examination by defense counsel, computer billing sheets reflecting the time expended by the plaintiff's attorneys and their hourly charges. The total, up to but not including time spent in trial and on this appeal, is $833. Making a low estimate of trial and appeal time, we would assess the additional fee at $400 more. This totals $1,233, which exceeds the amount of the principal and interest presently accrued on the debt being collected.
The amount of attorney's fees to be awarded, however, is within the discretion of the court. Among things to be considered are the ultimate result obtained, responsibility incurred, importance of the litigation, the amount involved, the extent and character of the labor performed, the legal knowledge and attainment and skill of the attorney, the number of appearances made, the intricacies of the facts and law involved, the diligence and skill of counsel, the court's own knowledge, and the ability of the party liable to pay. Guillory v. Guillory, 339 So.2d 529 (La.App. 4th Cir.1976).
We do not have evidence before us on all these points, but we conclude the record is sufficient to allow us to set a fee without requiring a remand to the lower court. It is common knowledge within the legal profession that routine collection cases such as this are often accepted by counsel on a contingency fee basis. The plaintiff's attorney, if successful, is paid a percentage of the amount recovered. We do not question the time shown by plaintiff's attorneys, or their hourly rates. We are sure, however, that a plaintiff would be unlikely to refer a small collection case such as this to an attorney if he expected his legal fees to match or exceed his recovery on the debt. It would be unjust in this case to require the defendants cast in judgment to pay far greater attorney's fees than the plaintiff is likely to have paid on his own behalf.
Accordingly, we conclude a reasonable attorney's fee for this case is an amount equal to 50% of the principal and interest due on the debt by the time this judgment is paid.
We shall assess interest only from the date of judicial demand, because there was no express showing of a due date on the account. See Levingston Supply Co. v. Basso, 164 So.2d 141 (La.App. 1st Cir.1964).
For the foregoing reasons, we reverse the judgment of the First Parish Court for the Parish of Jefferson and render judgment as follows:
It is ordered that there be judgment herein in favor of plaintiff, Walter Davis, doing business as Quik Print, and against *651 defendants, Kenneth D. Myers and Donna Myers, individually, jointly and in solido, in the amount of Four Hundred Ninety-eight and 91/100 Dollars ($498.91), plus legal interest from date of judicial demand until paid. It is further ordered that defendants pay plaintiff's attorney's fees in an amount equal to fifty percent (50%) of the total amount of principal and interest due under this judgment; in addition, defendants are cast for all costs at trial and on appeal.
REVERSED AND RENDERED.