# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 07-1622


**DIANA ISTRE FRANCIS**

**VERSUS**

**MICHAEL G. FRANCIS**


\*\*\*\*\*\*\*\*\*\*


APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF ACADIA, NO. 81741
HONORABLE HERMAN C. CLAUSE, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*


**ELIZABETH A. PICKETT**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*


Court composed of John D. Saunders, Glenn B. Gremillion, and Elizabeth A. Pickett, Judges.

### REVERSED; PRELIMINARY INJUNCTION VACATED.


**Jack Derrick Miller**
**Attorney at Law**
**P. O. Box 1650**
**Crowley, LA 70526**
**(337) 788-0768**
**Counsel for Defendant-Appellee:**
**Michael G. Francis**


**Shayna L. Sonnier**
**Edwin F. Hunter III**
**Hunter & Blazier**
**1807 Lake St.**
**Lake Charles, LA 70601**
**(337) 436-1600**
**Counsel for Plaintiff-Appellant:**
**Diana Istre Francis**

**Pickett, Judge.**

The appellant, Diana Istre Francis, appeals a judgment issuing a preliminary injunction against her. For the following reasons, we reverse the judgment of the trial court.

**STATEMENT OF THE CASE**

Mrs. Istre and her husband, Michael Francis, were divorced on September 22, 2004. The partition of the community property is pending in the trial court. The major asset in the community is stock in Francis Drilling Fluids, Ltd., a multi-million dollar enterprise that the couple founded during their marriage.

On September 28, 2007, Mr. Francis filed a Motion for Preliminary and Permanent Injunction seeking to enjoin Mrs. Francis from entering upon or damaging any property owned by Francis Drilling Fluids, Ltd. or Francis Oaks, LLC. He alleged in his motion that Mrs. Francis had defaced property at the premises of Francis Drilling Fluids on July 24, 2007, by spray painting the name "MIKE" and a capital "A" with a circle around it on Mr. Francis' parking space and on the door to his office.

The trial court held a hearing on the motion on October 10, 2007. At the hearing, Mr. Francis' attorney, Richard Moreno, testified that on the day before the vandalism was discovered, Mr. Francis and his attorneys and Mrs. Francis and her attorney met for the first time with Ed Abell, a mediator, and Erich Loewer, a business valuation expert appointed by the court.

Mr. Francis testified at the hearing that he believed that his wife had committed acts of vandalism at the property of Francis Drilling Fluids twice, once in May and once in July. He was concerned for his safety, the property, and the safety of his

1

employees, and that the behavior might escalate. He claimed that both incidents occurred soon after court proceedings or meetings regarding the partition of community property between he and Mrs. Francis. Mr. Francis stated he had no evidence to support his charges that Mrs. Francis committed the acts of vandalism besides the fact that Mrs. Francis was angry with him.

No other witnesses testified at the hearing. The trial court took a short recess to consider the matter. When the hearing reconvened, the trial court granted the preliminary injunction against Mrs. Francis. He reasoned that he did not believe Mr. Francis carried his burden of proof to support issuance of the injunction, but that he would apply an adverse inference to the fact that Mrs. Francis did not testify. The trial court signed the judgment granting a preliminary injunction on October 26, 2007. Mrs. Francis now appeals.

## ASSIGNMENTS OF ERROR

The appellants, Diana Istre Francis, asserts one assignment of error:

The trial court erred in granting a preliminary injunction against Diana Istre Francis based on the theory of adverse presumption, where the court acknowledged Michael Francis had not otherwise met his burden of proof.

## DISCUSSION

This court discussed appellate review of an order granting a preliminary injunction in *Pumpelly Oil, Inc. v. Ribbeck Construction Corporation*, 02-868, pp. 6-7 (La.App. 3 Cir. 2/5/03), 838 So.2d 88, 92-93:

To obtain a preliminary injunction, the mover must make a *prima facie* showing that he will prevail on the merits of the case and that he will suffer irreparable injury if the injunction does not issue. *Jim Walter Homes, Inc. v. Jessen*, 98-1685 (La.App. 3 Cir. 3/31/99); 732 So.2d 699. Trial courts have "great discretion" in determining whether to grant or deny a preliminary injunction. *Lafayette City-Parish Consol. Gov't v. Lafayette Mun. Fire & Police Civil Serv. Bd.*, 01-1460 (La.App. 3 Cir.

2

5/8/02); 816 So.2d 977, *writ denied*, 02-1565 (La.9/30/02); 825 So.2d 1194. The issuance of an injunction will be reversed "only if it be shown that such discretion has been abused or improvidently exercised." *Id*. at 980, *quoting Concerned Citizens of Rapides Parish v. Hardy*, 397 So.2d 1063, 1072 (La.App. 3 Cir. 1981).

At the conclusion of the hearing, the trial court stated that he did not believe that Mr. Francis had met his burden of proof. Nevertheless, the trial court determined that Mrs. Francis' failure to testify was not explained. Thus, he would apply an adverse presumption against her, and assume that her testimony would support the granting of the preliminary injunction.

The supreme court recently discussed the adverse presumption rule in *Driscoll v. Stucker*, 04-589, pp. 18-19 (La. 1/19/05), 893 So.2d 32, 47:

> An adverse presumption exists when a party having control of a favorable witness fails to call him or her to testify, even though the presumption is rebuttable and is tempered by the fact that a party need only put on enough evidence to prove the case. *Safety Ass'n of Timbermen Self Insurers Fund v. Malone Lumber, Inc.*, 34,646 (La.App. 2 Cir.6/20/01), 793 So.2d 218, *writ denied*, 2001-2557 (La.12/07/01), 803 So.2d 973. Explaining that adverse presumption, the Fourth Circuit recently noted "'[w]hen a defendant in a civil case can by his own testimony throw light upon matters at issue, necessary to his defense and particularly within his own knowledge, and fails to go upon the witness stand, the presumption is raised and will be given effect, that the facts, as he would have them do not exist.'" *Taylor v. Entergy Corp.*, 2001-0805 (La.App. 4 Cir. 4/17/02), 816 So.2d 933 (quoting *Davis v. Myers*, 427 So.2d 648, 649 (La.App. 5 Cir.1983)). This adverse presumption is referred to as the "uncalled witness" rule and applies "when 'a party has the power to produce witnesses whose testimony would elucidate the transaction or occurrence' and fails to call such witnesses." *Id*. (quoting 19 FRANK L. MARAIST, LOUISIANA CIVIL LAW TREATISE: EVIDENCE AND PROOF, § 4.3 (1999)). Despite the advent of modern, liberal discovery rules, this rule remains vital, especially in cases, such as this one, in which a witness with peculiar knowledge of the material facts is not called to testify at trial.

In *Driscoll*, 893 So.2d 32, the plaintiff, Dr. Driscoll, a resident in the otolaryngology program at LSU Health Sciences Center in Shreveport sued Dr. Stucker, the supervisor of his residency program and the school for failing to provide

a letter of recommendation required for him to sit for a written exam to qualify as a specialist. The trial court found that Dr. Driscoll had met his burden of proof that he had met the qualifications to receive the letter of recommendation. The burden shifted to the defendants to show that the plaintiff had engaged in wrongdoing sufficient to justify revoking the letter of recommendation. Dr. Stucker testified that he had revoked the letter of recommendation on the advice of the school's in-house counsel. The defendants, however, failed to call the in-house counsel to testify, and the trial court applied the adverse presumption rule and found that his testimony would not have supported Dr. Stucker's testimony. The supreme court found that this was an appropriate use of the adverse presumption rule.

This court has recognized that the adverse presumption rule will only be applied where the party against whom it is invoked has the burden of proof and has control over the witness. *Randolph v. Alexandria Civil Serv. Comm'n*, 04-1620 (La.App. 3 Cir. 4/6/05), 899 So.2d 857, *writ denied*, 05-1172 (La.App. 11/28/05), 916 So.2d 145. In the instant case, Mr. Francis had the minimal burden of making a *prima facie* case that Mrs. Francis was a threat to him or his property. He failed to meet that burden. The trial court cannot shift the burden to Mrs. Francis to explain why the preliminary injunction should not be issued, and then rely on the adverse presumption rule to create an inference that her testimony would have been unfavorable when she does not testify.

The judgment of the trial court issuing a preliminary injunction is reversed, and the injunction against Mrs. Francis is vacated. Costs of this appeal are assessed against Mr. Francis.

**REVERSED; PRELIMINARY INJUNCTION VACATED.**

4