DO NOT PUBLISH

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

08-570

MISTY MARIE NORRIS

VERSUS

LEROY J. KILCHRIST

**********

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF IBERIA, NO. 111460-E
HONORABLE KEITH R. COMEAUX, DISTRICT JUDGE

**********

J. DAVID PAINTER
JUDGE

**********

Court composed of Jimmie C. Peters, Elizabeth A. Pickett, and J. David Painter, Judges.

AFFIRMED.

Misty Marie Norris
2914 Highway 90
New Iberia, LA 70560
        IN PROPER PERSON

Lucretia Pecantte-Burton
P.O. Box 13738
New Iberia, LA 70562
Counsel for Defendant-Appellant:
        Leroy J. Kilchrist

**PAINTER, Judge.**

Plaintiff, Misty Marie Norris, on behalf of her minor daughter, was granted a permanent injunction enjoining Defendant, Leroy J. Kilchrist, from abusing, harassing, stalking, following, or threatening the minor child, from contacting the minor child, from going within one hundred yards of the minor's residence, and ordering him to stay away from the child's grandmother's residence. Defendant appeals, asserting that Plaintiff failed to meet the burden of proof required for the issuance of a permanent injunction. Finding no error in the trial court's ruling, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff, on behalf of her five-year-old daughter, filed a petition for temporary restraining order, preliminary and permanent injunction against Defendant, Kilchrist. Kilchrist is the brother of the minor child's maternal grandmother, Andrea Kilchrist. Defendant lives across the street from Andrea. They are apparently involved in some sort of family feud. In the petition, filed in proper person, Plaintiff alleged that she felt her daughter's safety was in jeopardy when the child was with her grandmother. Although Plaintiff and her daughter do not live near Defendant, when the child's father is working offshore, Andrea picks the child up from school and cares for her until Plaintiff gets off from work. Plaintiff also alleged that Defendant photographed her child on several occasions. Plaintiff further alleged that the most recent incident involving Defendant occurred on January 14, 2008, and involved Defendant nearly running his own vehicle at a high rate of speed into a vehicle being driven by Andrea Kilchrist and carrying the minor child as a passenger. The sheriff's office was called, and an officer responded to this incident. A temporary restraining order was issued

1

on February 13, 2008. Defendant filed an answer denying Plaintiff's allegations. A second temporary restraining order was issued on February 27, 2008, after Defendant was granted a continuance on the rule to show cause why the temporary restraining order should not be made a preliminary injunction. Following a hearing on March 13, 2008, a preliminary injunction issued against Defendant. We note that Defendant alleges in his brief that the trial court erred in granting the petition for permanent injunction; however, the record does not indicate that a permanent injunction was issued. The order signed by the court indicates that it is a preliminary injunction. In any event, Defendant appeals the issuance of that injunction and alleges that the testimony and evidence presented did not support the issuance thereof. For the reasons discussed below, we find that the trial court did not abuse its great discretion in the issuance of this injunction.

## DISCUSSION

Louisiana Code of Civil Procedure Article 3601 provides, in pertinent part: "[a]n injunction shall be issued in cases where irreparable injury, loss, or damage may otherwise result to the applicant, or in other cases specifically provided by law," In *Francis v. Francis*, 07-1622, pp. 2-3 (La.App. 3 Cir. 4/30/08), 981 So.2d 920, 921, this court stated:

> This court discussed appellate review of an order granting a preliminary injunction in *Pumpelly Oil, Inc. v. Ribbeck Construction Corporation*, 02-868, pp. 6-7 (La.App. 3 Cir. 2/5/03), 838 So.2d 88, 92-93:
>
>> To obtain a preliminary injunction, the mover must make a *prima facie* showing that he will prevail on the merits of the case and that he will suffer irreparable injury if the injunction does not issue. *Jim Walter Homes, Inc. v. Jessen*, 98-1685 (La.App. 3 Cir. 3/31/99); 732 So.2d 699. Trial courts have "great discretion" in determining whether to grant or deny a preliminary injunction. *Lafayette*

2

> *City-Parish Consol. Gov't v. Lafayette Mun. Fire & Police Civil Serv. Bd.*, 01-1460 (La.App. 3 Cir. 5/8/02); 816 So.2d 977, *writ denied*, 02-1565 (La.9/30/02); 825 So.2d 1194. The issuance of an injunction will be reversed "only if it be shown that such discretion has been abused or improvidently exercised." *Id*. at 980, *quoting Concerned Citizens of Rapides Parish v. Hardy*, 397 So.2d 1063, 1072 (La.App. 3 Cir.1981).

At the trial of this matter, Plaintiff, Andrea Kilchrist, Helen Kilchrist (Defendant's wife), Defendant, and Earl Williams (an Iberia Parish Sheriff's Deputy) testified. Plaintiff testified that she was afraid for her child's safety. Andrea testified that the minor child was in the vehicle with her on the occasion that Defendant nearly ran into her vehicle and that she called the sheriff's office. She further testified that Defendant had attempted to run over her with his truck in the past. Deputy Williams testified that he was the officer who responded to Andrea's call but that he did not recall there being a passenger in the vehicle. Defendant's wife testified that the incident did not occur in the manner in which Andrea testified and that she did not see the child in the vehicle. She also testified that she filed a report that her husband abused her in September of 2007, but that the incident was the result of harassment of Defendant by Andrea. She stated that she refused to file charges against her husband, but Defendant testified that he did enter a guilty plea to domestic violence in March of 2008. The court made the decision to believe the testimony of Plaintiff and Andrea and found sufficient evidence to issue a restraining order. So finding was well within its great discretion. We agree that Plaintiff met her burden of proof and find Defendant's argument to the contrary to be without merit.

**DECREE**

For the reasons assigned above, the judgment of the trial court is affirmed. All costs of this appeal are assessed to Defendant-Appellant, Leroy J. Kilchrist.

**AFFIRMED.**