NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

09-31

BRADLEY CHENVERT

VERSUS

WILLIS B. RYLAND, II, ET AL.

**********

APPEAL FROM THE
TWELFTH JUDICIAL DISTRICT COURT
PARISH OF AVOYELLES, NO. 2008-1487-B
HONORABLE WILLIAM BENNETT, DISTRICT JUDGE

**********

**ELIZABETH A. PICKETT**
**JUDGE**
**********

Court composed of John D. Saunders, Michael G. Sullivan, and Elizabeth A. Pickett, Judges.

**AFFIRMED.**

**Jerry Joseph Falgoust**
**Falgoust, Caviness and Bienvenu**
**P. O. Box 1450**
**Opelousas, LA 70571-1450**
**(337) 942-5811**
**Counsel for Defendants-Appellants:**
**Southern Farm Bureau Casualty Insurance Co.**
**Ponce M. Romulo**

**Beau Layfield**
**Attorney at Law**
**P. O. Box 544**
**Marksville, LA 71351**
**(318) 240-7800**
**Counsel for Plaintiff-Appellee**
**Bradley Chenvert**

**PICKETT, Judge.**

The defendants-appellants, Southern Farm Bureau Casualty Insurance Company (Farm Bureau), Willis B. Ryland II, and Ponce M. Romulo, appeal a judgment of the trial court apportioning fault in a motor vehicle accident.

<u>STATEMENT OF THE CASE</u>

Ponce M. Romulo was driving a truck and pulling a large cattle trailer on Louisiana Highway 115 in Avoyelles Parish. The truck and trailer were owned by Willis Ryland II. Sherlane Chenevert was following the Romulo vehicle. Bradley Chenevert[1], her husband, Sara Chenevert, the couple's daughter, and James Carter were passengers in the Chenevert vehicle. Soon after both vehicles turned onto Louisiana Highway 107, Romulo stopped his vehicle to make a left turn. Mrs. Chenevert was not looking forward at the time the Romulo vehicle stopped, and did not realize the Romulo vehicle was stopped until Mr. Carter alerted her from the back seat. Unable to stop in time to avoid hitting the cattle trailer, Mrs. Chenevert veered to the left, crossing the centerline and the northbound lane of travel. Her vehicle went into a ditch and hit a culvert on the other side of the road. Pertinent to this lawsuit, Mr. Chenevert suffered injuries as a result of this accident.

When State Trooper Nathan Beaubouef arrived, he determined that the lights on the cattle trailer were not functioning because they were not plugged into the truck. Mr. Romulo explained that he had plugged them in before the trip started, and they must have come dislodged during the trip.

---

[1]We note that the original Petition for Damages, and therefore the caption in the proceeding here and below, spells the plaintiff's surname "Chenvert." Elsewhere in the record and briefs to this court, the plaintiff's surname is spelled "Chenevert." We will use "Chenevert."

1

Mr. Chenevert filed this suit against Mr. Romulo, Mr. Ryland, and the insurer of the vehicles, Farm Bureau. Following a bench trial, the trial court issued written reasons for ruling and attributed 75% fault to Mrs. Chenevert because of her inattention and 25% fault to Mr. Romulo for failing to have lights that worked properly. Eight days later, the trial court issued amended reasons explaining that after driving on the road where the accident occurred several times in his ordinary course of travel, he had determined that Mr. Romulo had not been assigned an adequate percentage of fault. The trial court explained that Mr. Romulo was stopped for an inordinate amount of time at the bottom of a hill without functioning taillights on a large cattle trailer, thus creating a hazard. The trial court reapportioned fault, this time casting Mrs. Chenevert and Mr. Romulo each with fifty percent. The trial court signed a judgment in conformity with his amended reasons on October 28, 2008. The defendants now appeal.

## ASSIGNMENTS OF ERROR

The defendants, Mr. Romulo, Mr. Ryland, and Farm Bureau, assert four assignments of error:

1. Whether or not there is a presumption of fault when a vehicle runs off the highway and whether the appellee overcame the presumption of fault of Sherlane Chenevert.

2. Whether or not the "uncalled witness rule" applied when the appellee fails to call the passenger in his vehicle at the time of trial.

3. Whether or not the trial court abused its discretion to allow the state trooper to give an expert opinion when he was not qualified as an expert.

4. Whether or not the trial court committed manifest error in not finding that Sherlane Chenevert had a higher degree of fault when she ran off the highway.

2

## DISCUSSION

In their second assignment of error, the defendants argue that the trial court erred in not applying the "uncalled witness rule" with respect to Mr. Carter. The "uncalled witness rule" or "adverse presumption rule" was explained by the supreme court in *Driscoll v. Stucker*, 04-589, pp. 18-19 (La. 1/19/05), 893 So.2d 32, 47:

> An adverse presumption exists when a party having control of a favorable witness fails to call him or her to testify, even though the presumption is rebuttable and is tempered by the fact that a party need only put on enough evidence to prove the case. *Safety Ass'n of Timbermen Self Insurers Fund v. Malone Lumber, Inc.*, 34,646 (La.App. 2 Cir.6/20/01), 793 So.2d 218, *writ denied*, 2001-2557 (La.12/07/01), 803 So.2d 973. Explaining that adverse presumption, the Fourth Circuit recently noted "'[w]hen a defendant in a civil case can by his own testimony throw light upon matters at issue, necessary to his defense and particularly within his own knowledge, and fails to go upon the witness stand, the presumption is raised and will be given effect, that the facts, as he would have them do not exist.'" *Taylor v. Entergy Corp.*, 2001-0805 (La.App. 4 Cir. 4/17/02), 816 So.2d 933 (quoting *Davis v. Myers*, 427 So.2d 648, 649 (La.App. 5 Cir.1983)). This adverse presumption is referred to as the "uncalled witness" rule and applies "when 'a party has the power to produce witnesses whose testimony would elucidate the transaction or occurrence' and fails to call such witnesses." *Id*. (quoting 19 FRANK L. MARAIST, LOUISIANA CIVIL LAW TREATISE: EVIDENCE AND PROOF, § 4.3 (1999) ). Despite the advent of modern, liberal discovery rules, this rule remains vital, especially in cases, such as this one, in which a witness with peculiar knowledge of the material facts is not called to testify at trial.

The adverse presumption rule will only be applied when the party against whom it is invoked has the burden of proof at trial and has control over the witness.

The record does not show that the issue of Mr. Carter's failure to testify was raised in the trial court. "To preserve an evidentiary issue for appellate review, it is essential that the complaining party enter a contemporaneous objection to the evidence or testimony, and state the reasons for the objection." *LaHaye v. Allstate Ins. Co.*, 570 So.2d 460, 466 (La.1990), *writ denied*, 575 So.2d 391 (La.1991). The

3

defendants cannot raise this issue for the first time on appeal. Thus, this assignment of error lacks merit.

In their third assignment of error, the defendants object that Trooper Beaubouef was allowed to testify that the failure to have working lights on the cattle trailer was a contributing factor in the accident. The relevant portion of the testimony is as follows:

> MR. ROY: Do you think his lights not being in operating order was a contributing factor to this accident?
>
> BY MR. FALGOUST: Your Honor, I'm going to enter an objection that that calls for opinion testimony and he's not been qualified as an expert.
>
> BY THE COURT: Well certainly he can give his list of contributing factors insofar as his investigation as a state trooper and with his years of experience and say whether or not it is a contributing factor.
>
> TROOPER BEAUBOUEF: Yes, it would have been a contributing factor.
>
> BY MR. ROY: It would have been?
>
> A. Yes, sir.
>
> Q: I would really like to ask you to tell me how much.
>
> BY THE COURT: I was going to say ...
>
> BY MR. ROY: Didn't get an objection.
>
> BY THE COURT: I was going to say the same thing. That's invading the province of the court.
>
> Louisiana Code of Evidence Article 701 states:
>
>> If the witness is not testifying as an expert, his testimony in the form of opinions or inferences is limited to those opinions or inferences which are:
>>
>> (1) Rationally based on the perception of the witness; and
>>
>> (2) Helpful to a clear understanding of his testimony or the determination of a fact in issue.

4

"A trial court is afforded broad discretion in permitting testimony of a lay witness in accordance with Article 701." *Haas v. Romero*, 07-974, p. 4 (La.App. 3 Cir. 2/20/08) 977 So.2d 196, 200, *writ denied*, 08-650 (La. 6/6/08), 983 So.2d 917. We find the trial court did not abuse its discretion in allowing a state trooper testifying as a lay witness to state that the failure of the cattle trailer to have operating taillights was a contributing factor in this accident. This assignment of error lacks merit.

The first and fourth assignments of error both concern the trial court's allocation of fault. "[A] trier of fact's allocation of fault is subject to the manifestly erroneous or clearly wrong standard of review." *Williams v. Aymond*, 05-1547, p. 8 (La.App. 3 Cir. 12/6/06), 945 So.2d 823, 831, *writs denied*, 07-5 (La. 3/9/07), 949 So.2d 442 and 07-69 (La. 3/9/07), 949 So.2d 449. "[A]llocation of fault is the finding of an acceptable range and any allocation by the trier of fact within that range cannot be disturbed under the manifest error standard of review." *Id.* at 831; *see also Clement v. Frey,* 95-1119 (La.1/16/96), 666 So.2d 607. Our supreme court discussed the factors an appellate court must consider when reviewing a trial court's allocation of fault in *Watson v. State Farm Fire and Casualty Insurance Co.*, 469 So.2d 967, 974 (La.1985):

> [V]arious factors may influence the degree of fault assigned, including: (1) whether the conduct resulted from inadvertence or involved an awareness of the danger, (2) how great a risk was created by the conduct, (3) the significance of what was sought by the conduct, (4) the capacities of the actor, whether superior or inferior, and (5) any extenuating circumstances which might require the actor to proceed in haste, without proper thought. And, of course, as evidenced by concepts such as last clear chance, the relationship between the fault/negligent conduct and the harm to the plaintiff are considerations in determining the relative fault of the parties.

In the first assignment of error, the defendants argue that the trial court failed to apply a presumption that Mrs. Chenevert was at fault because she ran off the road,

5

citing *Carmouche v. Carmouche*, 06-396 (La.App. 3 Cir. 9/27/06), 940 So.2d 76. The trial court found Mrs. Chenevert was at fault for failing to pay attention and Mr. Romulo was at fault for failing to have working taillights and for creating a hazardous condition by stopping on the highway at the bottom of a hill in the right of way. We find that the evidence of Mr. Romulo's negligence in the record is sufficient to rebut any presumption that Mrs. Chenevert was solely at fault for causing the accident. Further, with regard to the fourth assignment of error, we find that the record supports the trial court's findings and that the allocation of fault is not clearly wrong or manifestly erroneous.

The judgment of the trial court is affirmed. Costs of this appeal are assessed to the defendants.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Rule 2-16.3, Uniform Rules, Courts of Appeal.

6