520 So.2d 888 (1987)
Larry J. SAVOY, Plaintiff-Appellant,
v.
McDERMOTT, INC., Defendant-Appellee.
No. 86-971.
Court of Appeal of Louisiana, Third Circuit.
November 4, 1987.
*889 Felix A. DeJean III, Opelousas, for plaintiff-appellant.
Gibbens & Blackwell, J. Louis Gibbens, New Iberia, for defendant-appellee.
Before DOMENGEAUX, DOUCET, and LABORDE, JJ.
DOUCET, Judge.
This is an appeal from a workmen's compensation claim filed on behalf of plaintiff/appellant, Larry Savoy. The facts show that in March of 1982, while in the employ of McDermott, Inc., appellant sustained injuries to his back. Shortly thereafter, McDermott, Inc., as self-insurer, instituted payment of weekly compensation benefits to Mr. Savoy. On November 12, 1984, Savoy was hospitalized and a myelogram was performed on him at Lafayette General Hospital. In connection with the myelogram, Mr. Savoy incurred three medical bills, namely, a bill from Lafayette General Hospital in the amount of $1,769.00, a bill from Lafayette Radiology in the sum of $375.00, and a bill in the amount of $12.00 from Burch and McQuitty, Ltd. Plaintiff/appellant filed suit to seek payment of these bills and also for penalties and attorney's fees for McDermott, Inc.'s arbitrary refusal and failure to pay. Trial on this matter was held and the trial judge, by written reasons for judgment, concluded that McDermott, Inc.'s failure to pay the claim timely was unintentional and rejected Savoy's claims. It is from this judgment that Savoy appeals.
The sole issue on appeal is whether Savoy is entitled to penalties and attorney's fees based upon McDermott's failure to pay his medical expenses timely. After a review of the record, we find that he is.
As previously stated, the injury occurred in March of 1982. All of the rights and duties of the parties were fixed according to the law at this date. Additionally, McDermott, Inc. is self-insured. Thus, former La.R.S. 23:1201.2 is applicable. The statute, in pertinent part, reads as follows:

*890 "A. Any employer whose liability for claims arising under the provisions of this Chapter is not covered by insurance, shall pay the amount of any claim due under the provisions of this Chapter, within sixty days after receipt of written notice. Failure to make such payment within sixty days after receipt of notice, when such failure is found to be arbitrary, capricious, or without probable cause, shall subject the employer to a penalty, in addition to the amount of claim due, of 12% of the total amount of such claim, payable to the claimant, together with all reasonable attorney's fees for the prosecution and collection of such claim ..."
The Penalty Provision of this section applies to untimely payment of medical expenses as well as weekly compensation benefits. Dupre v. Sterling Plate Glass & Paint Co., 344 So.2d 1060 (La.App. 1st Cir.1977). Thus, in order for Savoy to recover penalties and attorney's fees, it must be shown that McDermott, Inc. received written notice of Savoy's claim, that McDermott, Inc. failed to make such payment within sixty (60) days of receipt of the written notice and that failure or refusal to make such payment is arbitrary, capricious or without probable cause.
In the instant situation, we find that McDermott, Inc. received written notice of the claim and that the claim was not paid within sixty (60) days after receipt of such claim. It was established at trial, that Debra Ann Decou, the assistant manager of patient accounts at Lafayette General Hospital, sent written notice of Savoy's claim to McDermott, Inc. on January 8, 1985, and again on March 19, 1985. Moreover, Larry Savoy testified that he sent McDermott, Inc. a copy of the bills in January and February of 1985, and again in March of 1985, by certified letter. The bills were not actually paid until May 13, 1985, a date which clearly exceeds the sixty (60) day limitation set out in the statute.
After having found that written notice of the claim was sent to McDermott, Inc. and that the claim was not paid within sixty (60) days after receipt of that notice, our next inquiry is whether this failure or refusal to pay within the statutorily required time limitation was arbitrary, capricious, or without probable cause.
Arbitrary and capricious conduct may be presumed when an employer fails to pay any compensation benefits within sixty days after written notice of such claim. An employer's good faith defense will preclude such penalties and attorney's fees. Coleman v. Crown Zellerbach Corp., 421 So.2d 300 (La.App. 1st Cir.1982).
In the instant situation, it was established at trial that Debra Ann Decou initially contacted Mr. Andrew Maggio of McDermott, Inc. in order to get verification of responsibility for Mr. Savoy's care. Additionally, as previously stated, Ms. Decou, as well as Mr. Savoy, on several occasions sent notices of the claim to Mr. Maggio. Moreover, Mr. Maggio testified that he was aware of Mr. Savoy's hospital confinement and the only reason he could give for the failure of McDermott, Inc. to pay the claim timely was due to the fact that he allegedly never received the letters. Mr. Maggio contended that he never received the letters due to the fact that the company was in the process of moving and because two of McDermott, Inc.'s secretaries had been absent from work for an extended period of time.
Even if we were to accept as true that Mr. Maggio never received notice of the claim, which we don't, we find Mr. Maggio's explanations to be invalid. McDermott, Inc. has a duty to keep abreast of its employees' claims even if it means having to hire temporary help. If we were to allow an employer to escape from liability of attorney's fees every time he claimed he was short of help or every time he claimed his office was unorganized, the effect would be to go against the grain of the aforementioned statute. Thus, we find McDermott Inc.'s failure to pay Mr. Savoy's claim timely to be arbitrary, capricious, and without probable cause.
Accordingly, for the foregoing reasons, we reverse the judgment of the trial court and award plaintiff/appellant penalties in the amount of 12 percent of the entire *891 claim ($258.72). Additionally, we award plaintiff/appellant attorney's fees. Because the record does not reflect such amount we remand the case for this determination. All costs are to be borne by defendant/appellee.
REVERSED AND REMANDED.