STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

05-500


KATIE TIDWELL

VERSUS

PREMIER STAFFING, INC.


**********
APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION
DISTRICT 3, NO. 99-05054, PARISH OF CALCASIEU
HONORABLE CHARLOTTE L. BUSHNELL,
WORKERS' COMPENSATION JUDGE
**********

J. DAVID PAINTER
JUDGE

**********

Court composed of Jimmie C. Peters, J. David Painter, and James T. Genovese, Judges.

AFFIRMED.

Michael W. Whitehead
510 N. Florida St.
Covington, LA 70433
Counsel for Defendant-Appellant:
    Premier Staffing

Michael B. Miller
P.O. Drawer 1630
Crowley, LA 70527-1630
Counsel for Plaintiff-Appellee:
    Katie Tidwell

**PAINTER, Judge.**

Premier Staffing ("Premier") appeals the judgment of the Workers'
Compensation Judge ("WCJ") finding that, on January 20, 1999, Katie Tidwell
injured her right wrist in the course and scope of her employment with Premier and
granting benefits, court costs, and legal interest to the Claimant. We affirm.

FACTS

The WCJ, in oral reasons for judgment, correctly outlined the underlying facts
of this case, as follows:

> The Claimant, Katie Tidwell, was working for Bell Supply in
> 1993 when she was involved in an automobile accident during the
> course and scope of her employment. As a result of the automobile
> accident, Claimant suffered injuries to her right arm and wrist. She
> sustained right carpal tunnel syndrome in the 1993 accident. She was
> treated by Dr. John Cobb for the right carpal tunnel syndrome until
> January 1995. On May 5th, 1999 Claimant stopped working because she
> started having problems due to a change in job duties and an increase in
> work. Claimant now claims entitlement to workers' compensation
> benefits.

Premier filed exceptions of *res judicata* and no cause of action claiming that
Premier had been released by the settlement of the 1993 workers' compensation
claim. The exceptions were denied. After hearing testimony from the Claimant and
the CEO of Premier Staffing and examining the medical records, the WCJ rendered
judgment in favor of the Claimant pursuant to oral reasons for judgment finding that
the Claimant suffered a new and compensable injury.

DISCUSSION

Premier asserts that the WCJ erred in denying the exceptions of res judicata and
no cause of action and in finding that the Claimant carried her burden of proving that
she suffered a new injury. Premier does not assert that the Claimant is not suffering

1

from a work-related injury, only that it is the same injury for which a settlement was previously entered.

The WCJ found that:

On January 20, 1999, Claimant suffered a new and compensable injury. Claimant testified that her carpal tunnel had gotten better after the accident and that she went without treatment for about four years. She testified that the R.S.D. [Reflex Sympathetic Dystrophy] to the right side developed after the 1999 injury. Dr. Lorio's records of April 25, 2002 indicate as follows: "More importantly, it is my opinion that although her problem with the right hand began with historically a car accident, the right hand did improve. She saw no physicians thereafter, then had an aggravation of this hand with cumulative trauma at work.

The factual findings of a workers' compensation judge are subject to the manifest error standard of review. *Jeanise v. Cannon*, 04-1049 (La.App. 3 Cir. 2/23/05), 895 So.2d 651, *writ denied*, 05-785, 05-788 (La. 5/13/05), 902 So.2d 1021.

In applying the manifest error-clearly wrong standard, the appellate court must determine not whether the trier of fact was right or wrong, but whether the factfinder's conclusion was a reasonable one. *Banks,* 96-2840 at pp. 7-8, 696 So.2d at 556; *Freeman,* 93-1530 at p. 5, 630 So.2d at 737-38; *Stobart v. State,* 617 So.2d 880, 882 (La.1993). Where there are two permissible views of the evidence, a factfinder's choice between them can never be manifestly erroneous or clearly wrong. *Banks,* 96-2840 at p. 8, 696 So.2d at 556; *Stobart,* 617 So.2d at 882. "Thus, 'if the [factfinder's] findings are reasonable in light of the record reviewed in its entirety, the court of appeal may not reverse, even if convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently.'" *Banks,* 96-2840 at p. 8, 696 So.2d at 556 (quoting *Sistler v. Liberty Mut. Ins. Co.,* 558 So.2d 1106, 1112 (La.1990)).

*Seal v. Gaylord Container Corp.,* 97-688, pp. 4-5 (La.12/02/97), 704 So.2d 1161, 1164, *quoted in Jeanise*, 895 So.2d at 659 (alteration in original).

After reviewing the evidence, we find the WCJ's decision was reasonable in light of the record. The factual findings set out in the oral reasons for judgment are accurate interpretations of the evidence. Additionally, while extensive medical

2

records were submitted into evidence, there are no records evidencing any treatment between January 1995 and January 1999. As a result, we find no error in the WCJ's conclusion that Ms. Tidwell suffered a new injury on January 20, 1999. Based on this conclusion, we find no error in the WCJ's denial of the exceptions of *res judicata* and no cause of action.

CONCLUSION

The judgment of the WCJ is affirmed. Costs of this appeal are assessed to the Defendant-Appellant.

**AFFIRMED.**