STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

11-524

LEVI RODRIGUEZ

VERSUS

CHRYSLER GROUP LLC

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. C-2008-3702, Div. E
HONORABLE HERMAN C. CLAUSE, DISTRICT JUDGE

**********

JAMES T. GENOVESE
JUDGE

**********

Court composed of Sylvia R. Cooks, James T. Genovese, and Phyllis M. Keaty, Judges.

AFFIRMED.

Fred A. Pharis
Pharis Law Offices
831 DeSoto Street
Alexandria, Louisiana 71301
(318) 445-8266
Counsel for Plaintiff/Appellant:
    Levi Rodriguez

William F. Bologna
Dwight L. Acomb
1515 Poydras Street, Suite 2323
New Orleans, Louisiana  70112-3723
(504) 524-2323
Counsel for Defendant/Appellee:
    Chrysler Group, LLC

**GENOVESE, Judge.**

Plaintiff, Levi Rodriguez, appeals a judgment in favor of Defendant, Chrysler Group, LLC, dismissing his Suit for Redhibition and Damages. For the following reasons, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

On July 7, 2006, Plaintiff purchased a 2006 Dodge 3500 Quad Cab pickup truck from Acadiana Dodge in Lafayette, Louisiana. The new truck had six miles on the odometer at the time of purchase. The truck had a "Basic Limited Warranty" which lasted "for [thirty-six] months . . . or for 36,000 miles on the odometer," and the truck's motor "was covered by the Cummins Diesel Engine Limited Warranty for up to [five] years or 100,000 miles on the odometer, whichever comes first." Plaintiff began using the truck in his welding business.

On June 27, 2008, Plaintiff filed a Suit for Redhibition and Damages against Defendant claiming that the truck contained redhibitory defects and that he was entitled to the return of the purchase price, damages, and attorney fees. According to Plaintiff's petition, the truck "was returned on May 19, 2008, to Gainesville Dodge in Gainesville, Florida, with complaints of a knocking noise within the express warranty period[. D]espite the failure of the motor to operate in the intended manner during normal use, [Defendant] refused to repair the vehicle[.]" The truck had 69,064 miles on the odometer at the time it was towed to Gainesville Dodge.

Defendant answered the suit, alleging that Plaintiff was "not entitled to recovery in this cause because the problems about which he complains were the result of [his] misuse, abuse, improper maintenance, and/or violation of the instructions set forth in the owners' manual provided to [him] at the time of sale." Defendant further asserted that "[a]ny defects alleged to exist in the vehicle

occurred not through any fault of [itself], but solely as a result of the [fault] of [Plaintiff], including abuse, misuse, improper maintenance, and other intentional or negligent acts while the vehicle was in [Plaintiff's] sole and exclusive possession and control."

After a bench trial held on November 22, 2010, judgment was rendered in favor of Defendant, finding the evidence did not establish the presence of redhibitory defects. Plaintiff appeals.

## ASSIGNMENTS OF ERROR

On appeal, Plaintiff alleges:

1. The trial court erred in failing to properly apply the provisions of the Magnuson[-]Moss Warranty Act[] in that it found that by using performance enhancing equipment and not having a diagnosis made by a certified Chrysler technician, the [P]laintiff "voided" the warranty[.]

2. The trial court thus erred in failing to find a violation of the [Magnuson-Moss Warranty] Act.

3. The trial court erred in failing to find the engine failure was caused by "a defect, malfunction, or failure to conform with such written warranty" within the meaning of the Magnuson[-]Moss Warranty Act.

4. The trial court erred by failing to enter judgment in favor of [P]laintiff, including reasonable attorney[] fees.

### *Magnuson-Moss Warranty Act (15 U.S.C. §§ 2301–2310)*

Much of Plaintiff's appellate brief focuses upon his contention that the trial court erred by not applying the provisions of the Magnuson-Moss Warranty Act to his claim. Defendant counters, arguing that Plaintiff "did not plead the Magnuson-Moss Warranty Act at any time in this proceeding[.]"

The record reveals that at the start of trial, Plaintiff sought to have the trial court consider his claims under both Louisiana's redhibition statute, La.Civ.Code art. 2520, and the Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301–2310.

2

Plaintiff argued to the trial court that Defendant filed into the record of these proceedings a stipulation wherein Plaintiff's claim under the Magnuson-Moss Warranty Act was recognized.

Defendant countered that the stipulation on which Plaintiff was relying, entitled Notice Regarding Treatment of Lemon Law Claims in Connection with Chrysler LLC Bankruptcy Cases and Sale of Assets to Chrysler Group LLC, was filed into the court's record on September 28, 2009, after, and as a consequence of, the originally-named Defendant in this matter, Chrysler, LLC, entering into bankruptcy. When the present Defendant, Chrysler Group, LLC, was formed, it stipulated that if there were any claims filed under the Magnuson-Moss Warranty Act, then Chrysler Group, LLC, would defend those claims. However, Defendant argued that Plaintiff's pleadings only urged claims under Louisiana's redhibition statute, La.Civ.Code art. 2520. Plaintiff never amended his pleadings to include a Magnuson-Moss Warranty Act cause of action in his claims. Further, Defendant argued that if Plaintiff had done so, it would have sought to have this matter removed to federal court. Finally, Defendant asserts, in its appellate brief, that Plaintiff's "current argument, in brief, regarding relief under the Magnuson-Moss Warranty Act is not properly before this [c]ourt because counsel failed to even proffer evidence regarding what he believes to be a violation of [the Magnuson-Moss Warranty] Act."

After hearing the argument of the parties prior to the start of trial, the trial court ruled, "there is no pending Magnuson-Moss claim in this matter[.]" The trial then proceeded with evidence relative to Plaintiff's claim against Defendant for redhibition.

We find no merit to Plaintiff's contention that the trial court erred by not applying the provisions of the Magnuson-Moss Warranty Act to his claim. At no

3

time since the institution of his suit in June of 2008 has Plaintiff pled that he is entitled to recovery under the Magnuson-Moss Warranty Act. Even after Defendant's filing of the Notice Regarding Treatment of Lemon Law Claims in Connection with Chrysler LLC Bankruptcy Cases and Sale of Assets to Chrysler Group LLC in September of 2008, Plaintiff did not plead that he was entitled to recovery under the Magnuson-Moss Warranty Act. We find no merit in Plaintiff's contention that Defendant consented by stipulation to defend a federal claim.

***Redhibition***

The standard of appellate review to which this court is bound is set forth in *Hearod v. Select Motor, Co., Inc.*, 07-1502, p. 4 (La.App. 3 Cir. 4/2/08), 980 So.2d 830, 833-34, *writ denied*, 08-931 (La. 6/20/08), 983 So.2d 1283, as follows:

> In redhibition cases, "[t]he ultimate question of the existence of a redhibitory vice . . . [is a question] of fact for the trial court, which should not be disturbed in the absence of manifest error or abuse of its wide discretion." *Pardue v. Ryan Chevrolet, Inc.*, 31-52, p. 6 (La.App. 2 Cir. 9/28/98), 719 So.2d 623, 626-27, *writ denied*, 98-2714 (La.12/18/98), 734 So.2d 639 (citations omitted). Consequently, "[a]n appellate court may not set aside a trial court's finding of fact in the absence of manifest error or unless it is clearly wrong." *Blackman v. Brookshire Grocery Co.*, 07-348, p. 2 (La.App. 3 Cir. 10/3/07), 966 So.2d 1185, 1187 (citing *Rosell v. ESCO*, 549 So.2d 840 (La.1989)). "In applying the manifest error-clearly wrong standard, the appellate court must determine not whether the trier of fact was right or wrong, but whether the factfinder's conclusion was a reasonable one." *Tidwell v. Premier Staffing, Inc.*, 05-500, p. 2 (La.App. 3 Cir. 2/1/06), 921 So.2d 1194, 1196 (citations omitted). Accordingly, we will review the record in its entirety to determine whether the trial court's factual findings were reasonable in light of the record evidence.

Plaintiff's final assignment of error addresses whether the trial court erred in ruling that Plaintiff failed to prove the existence of a redhibitory defect. Louisiana Civil Code Article 2520 provides:

> The seller warrants the buyer against redhibitory defects, or vices, in the thing sold.
>
> A defect is redhibitory when it renders the thing useless, or its use so inconvenient that it must be presumed that a buyer would not

4

have bought the thing had he known of the defect. The existence of such a defect gives a buyer the right to obtain rescission of the sale.

A defect is redhibitory also when, without rendering the thing totally useless, it diminishes its usefulness or its value so that it must be presumed that a buyer would still have bought it but for a lesser price. The existence of such a defect limits the right of a buyer to a reduction of the price.

Plaintiff claims the truck that he purchased from Acadiana Dodge contained a defective motor. Plaintiff sought rescission of the sale after repair was denied under the motor's warranty due to an allegation that he had installed a performance-enhancing device. At trial, Plaintiff called two witnesses to testify: Tony Borman, Acadiana Dodge's service manager; and his father, Kent Rodriguez, a diesel mechanic with over thirty-four years of experience. Plaintiff offered Mr. Kent Rodriguez, and he was accepted by the trial court, as an expert in "diesel engine repair."

Mr. Borman was questioned regarding all of the repairs performed on Plaintiff's truck at Acadiana Dodge between July 7, 2006 and May of 2008—when Plaintiff's engine failed in Gainesville, Florida. Mr. Borman testified he had no direct knowledge that Plaintiff had used a performance-enhancing device on his truck. However, on cross-examination, when it was revealed to Mr. Borman that Gainsville Dodge had discovered evidence of Plaintiff's use of a performance-enhancing device, and that Plaintiff was not denying the use thereof, only that the use was the cause of the engine failure, Mr. Borman opined that such a device could adversely affect and could have caused the engine failure which Plaintiff encountered with his truck.

Plaintiff's expert, Kent Rodriguez, testified that he personally repaired Plaintiff's truck after Defendant refused. It was his opinion that the truck's engine did not fail because of the performance-enhancing device. According to Plaintiff's expert, the truck's engine was defective.

5

Defendant presented the testimony of two individuals, both of whom were accepted by the trial court accepted as experts:  Stephen J. Harris, an ASE Certified Master Mechanic in diesel engines; and, Steve Huen, an expert in Cummins diesel engines and a Chrysler Technical Representative.  Mr. Harris was the mechanic at Gainesville Dodge who first inspected Plaintiff's truck after it experienced engine failure in May of 2008.  According to Mr. Harris, he observed evidence of the use of a performance-enhancing device.  Mr. Harris opined that the engine failed due to the use of a performance-enhancing device.

Similarly, Mr. Huen explained that he concluded that the use of a performance-enhancing device caused the engine failure in Plaintiff's truck.  He testified that the performance-enhancing device caused the turbocharger to malfunction.  He, like Mr. Harris, opined that the engine over-fueled, resulting in its failure, because of the performance-enhancing device.

Given the totality of the evidence, the trial court was free to accept the version of events presented by Defendant and discount Plaintiff's evidence.  The trial court made determinations of credibility and chose between competing views of what led to the engine malfunction at issue herein—whether it was a defect in the engine or the use of a performance enhancing device which led to the engine's failure.  "Where there are two permissible views of the evidence, the factfinder's choice between them cannot be manifestly erroneous or clearly wrong."  *Rosell*, 549 So.2d at 844.  From our thorough review of the record, we find that the evidence supports the trial court's judgment.  The judgment is neither manifestly erroneous nor clearly wrong.  Plaintiff failed to establish that a redhibitory defect pertaining to the engine existed at the time of sale.

**DECREE**

For the foregoing reasons, we find no error by the trial court in not applying the Magnuson-Moss Warranty Act to Plaintiff's claim, and we find no manifest error in the trial court's ruling that Mr. Rodriguez failed to prove all of the factors needed to establish that a redhibitory defect in the engine existed at the time of sale. The judgment of the trial court is affirmed. All costs of this appeal are assessed to Plaintiff/Appellant, Levi Rodriguez.

**AFFIRMED.**