STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

13-185

KATIE TIDWELL

VERSUS

PREMIER STAFFING, INC.

**********
APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION DISTRICT 03
PARISH OF CALCASIEU, DOCKET NO. 99-05054
HONORABLE CHARLOTTE BUSHNELL, WORKERS' COMPENSATION
JUDGE
**********

SYLVIA R. COOKS
JUDGE

**********

Court composed of Judges Sylvia R. Cooks, Marc T. Amy and Phyllis M. Keaty.
Amy, J., concurs in the result.

**AFFIRMED IN PART, REVERSED IN PART.**

Michael W. Whitehead
P.O. Box 1270
Livingston, LA 70754
(225) 686-9700
**ATTORNEY FOR DEFENDANT/APPELLANT**
Premier Staffing, Inc.

Michael B. Miller
Attorney At Law
P.O. Drawer 1630
Crowley, LA 70527-1630
(337) 785-9500
**ATTORNEY FOR PLAINTIFF/APPELLANT**
Katie Tidwell

**Cooks, Judge.**

## FACTS AND PROCEDURAL HISTORY

In *Tidwell v. Premier Staffing, Inc*. 05-500 (La.App. 3 Cir. 2/1/06), 921 So.2d 1194, this court affirmed the Workers' Compensation Judge's (WCJ) finding that Katie Tidwell (Tidwell) suffered a compensable on-the-job injury while employed by Premier Staffing, Inc. (Premier). No writs were taken on the matter and it has long been a final judgment. Despite the finality of that judgment, Premier in its brief to this court in the present matter refers to "an alleged accident" and a "disputed claim" for "injuries allegedly" sustained by Tidwell. This misstatement of the case is indicative of Premier's behavior since judgment was rendered. After this court's ruling, affirming the WCJ's award of benefits to Tidwell, Premier made no payment on the judgment, requiring Tidwell to file a Motion for Penalties and Attorney Fees for the failure to pay the workers' compensation judgment. The WCJ awarded penalties and attorney fees to Tidwell assessing a penalty of 24% on all amounts due Tidwell under the original judgment.

Tidwell filed a second Motion for Penalties and Attorney Fees. The WCJ ordered Premier to pay $40,000.00 in penalties. Subsequently, Tidwell filed a third Motion and Order for Penalties and Attorney Fees because Premier stopped making benefit payments to Tidwell for a period of four weeks and allegedly failed to properly pay ten separate mileage reimbursement requests related to her ongoing medical treatment. The WCJ ordered Premier to pay penalties under the provisions of La.R.S. 23:1201(F) in the capped amount of $8,000.00 for multiple infractions. The WCJ believed it was limited to a maximum penalty of $8,000.00. The WCJ

also awarded a $3,000.00 penalty under La.R.S. 23:1201(F), for Premier's discontinuance of court ordered weekly benefits.

Tidwell appeals asserting (1) the WCJ erred as a matter of law in failing to apply the uncalled witness rule raising an adverse presumption against Premier; (2) the WCJ erred as a matter of law in failing to apply the provisions of La.R.S. 23:1201(I) regarding Premier's discontinuance of weekly compensation benefits; and (3) the WCJ erred in awarding too low a sum as penalties for Premier's failure to pay Tidwell's mileage requests on ten separate occasions. Tidwell seeks attorney fees for this appeal.

Premier also appeals asserting three assignments of error maintaining (1) some of Tidwell's claims regarding Premier's failure to pay mileage benefits are prescribed; (2) Tidwell's testimony without supporting evidence is insufficient to prove Premier is obligated to pay the requested travel expenses as medically necessary; and (3) the WCJ acted improperly in applying La.R.S. 23:1201(F) in effect at the time of its alleged conduct rather than applying the statute in effect at the time of Tidwell's accident.

## LAW AND ANALYSIS

Because a finding of prescription would pretermit consideration of other issues presented by both parties we will address this issue first. Premier asserts several of Tidwell's alleged claims for mileage reimbursement for medical treatment were filed more than a year "following the conduct giving rise to claimant's cause of actions for penalties and attorney fees." In support of its argument that La. Civ.Code art. 3492 applies, which provides for a one year prescriptive period for delictual actions, Premier relies on the holdings in *Craig v.*

2

*Bantek West*, *Inc*. 885 So.2d 1234 (La.App. 1 Cir. 9/17/04), *writ denied*, 04-2995 (La.3/18/05), 896 So.2d 1004, and *St. Tammany Parish Hospital v. Trinity Marine Products, Inc*., 10-1481 (La. App. 1 Cir. 2/16/12), 91 So.3d 985. We first rejected the rationale of *Craig* in our decision in *Rave v. Wampold Companies*, 06-978 (La.App. 3 Cir. 12/6/06), 944 So.2d 847, and we reiterated the correctness of that decision in *Trahan v. City of Crowley*, 07-266, pp. 3-4 (La.App. 3 Cir. 10/3/07), 967 So.2d 557, 560, *writs denied*, 07-2462, 07-2471 (La.2/15/08), 976 So.2d 185, 187, wherein we stated:

> In granting the City's exception of prescription, the WCJ relied on the first circuit decision of *Craig v. Bantek West, Inc*., 03-2757 (La.App. 1 Cir. 9/17/04), 885 So.2d 1234, *writ denied*, 04-2995 (La.3/18/05), 896 So.2d 1004, which held that the one-year prescriptive period set forth in La.Civ.Code art. 3492 applied to a penalties and attorney fees claim under the provisions of the workers' compensation act. However, when subsequently presented with the same issue, this court in *Rave v. Wampold Companies*, 06-978 (La.App. 3 Cir. 12/6/06), 944 So.2d 847, reached a different result. This court held in *Rave* that "[i]t is clear from a reading of the jurisprudence that when claims for penalties and attorney fees accompany the claims for benefits, if the underlying claims have not prescribed, neither have the claims for attorney fees and penalties." *Id.* at 855.

We again reject the argument put forth by Premier in this appeal that Tidwell's claims for attorney fees and penalties are prescribed. They have not. See also *Touro Infirmary v. Wm. B. Reily & Co., Inc*., 10-74. (La.App. 4 Cir. 7/28/10), 44 So.3d 867, in which the fourth circuit cites our decision in *Rave* agreeing with the rationale stated therein.

We continue our analysis with Tidwell's first assignment of error. We agree with Tidwell's assertion that the WCJ legally erred in failing to apply the uncalled witness rule. The rule has often been cited by the state supreme court and this court. In *Horacek v. Watson,* 11-1345, p. 5 (La.App. 3 Cir. 3/7/12), 86 So.3d 766, 769-70, we stated:

With regard to the uncalled witness rule, the supreme court discussed its application in *Driscoll v. Stucker*, 04-589, pp. 18-19 (La.1/19/05), 893 So.2d 32, 47, stating: "An adverse presumption exists when a party having control of a favorable witness fails to call him or her to testify, even though the presumption is rebuttable and is tempered by the fact that a party need only put on enough evidence to prove the case. *Safety Ass'n of Timbermen Self Insurers Fund v. Malone Lumber, Inc.*, 34.646 (La.App. 2 Cir. 6/20/01), 793 So.2d 218, *writ denied*, 2001-2557 (La.12/07/01), 803 So.2d 073. Explaining that adverse presumption, the Fourth Circuit recently noted "'[w]hen a defendant in a civil case can by his own testimony throw light upon matters at issue, necessary to his defense and particularly within his own knowledge, and fails to go upon the witness stand, the presumption is raised and will be given effect, that the facts, as he would have them do not exist.'" *Taylor v. Entergy Corp.*, 2001-0805 (La.App. 4 Cir. 4/17/02), 816 So.2d 933 (quoting *Davis v. Myers*, 427 So.2d 648, 649 (La. App 5 Cir. 1983)). This adverse presumption is referred to as the "uncalled witness" rule and applies "when 'a party has the power to produce witnesses whose testimony would elucidate the transaction or occurrence' and fails to call such witness." *Id.* (quoting 19 FRANK L. MARAIST, LOUISIANA CIVIL LAW TREATISE: EVIDENCE AND PROOF, § 4.3 (1999)). Despite the advent of modern, liberal discovery rules, this rule remains vital, especially in cases, such as this one, in which a witness with peculiar knowledge of the material fact is not called to testify at trial.

Notably, we have also held that:

> The determination of whether an insurer or employer has acted arbitrarily or has reasonably controverted claims for the purpose of imposing penalties or attorney fees depends primarily upon facts known to the insurer or the employer at the time of its conduct. *Harris* [*v. Langston Co.*, 94-1266 (La.App. 3 Cir. 4/5/95), 653 So.2d 789, *writ denied*, 95-1178 (La. 6/23/95), 656 So.2d 1020.] To reasonably controvert a claim so as not to be liable for statutory penalties, the insurer must have factual or medical information of such a nature that it reasonably counters that provided by the workers' compensation claimant. *Balsamo v. Jones*, 28[,]885 (La.App. 2 Cir. 12/11/96); 685 So.2d 1140.

*George v. Guillory*, 00-591, p. 14 (La.App. 3 Cir. 11/2/00), 776 So.2d 1200, 1209-10, *overruled on other grounds by Smith v. Quarles Drilling Co.*, 04-179 (La. 10/29/04), 885 So.2d 562. After Tidwell demonstrated that her employer discontinued court ordered compensation payments for four weeks, and demonstrated that her employer received written notice of its failure to pay ten claims for medical reimbursement, it was incumbent on Premier to show that its

failures were not arbitrary and capricious or that it had probable cause to discontinue payments or refuse requests for travel related to medical treatment. "Arbitrary and capricious conduct may be presumed when an employer fails to pay any compensation benefits within sixty days after written notice of such claim. An employer's good faith defense will preclude such penalties and attorney's fees." *Savoy v. McDermott, Inc.*, 520 So.2d 888, 890 (La. 1987). Premier failed to meet its burden and failed to call witnesses under its control and uniquely in a position to testify as to the reasons for its conduct. Premier called Tidwell as a witness and asked a few brief questions, the answers to which supported her claims. Premier did not introduce any documents or records and did not call any witness to respond to any of Tidwell's allegations. The uncalled witness rule is applicable in this case and raised a presumption against Premier which it failed to rebut with any evidence. Tidwell therefore proved her claim that she is entitled to penalties and attorney fees as well as the benefits requested.

In Tidwell's third assignment of error she argues the WCJ erred in finding that it was limited to a maximum penalty of $3,000.00 under the provisions of La.R.S. 23:1201(G). The trial court found that this was not a case of termination or discontinuance of benefits but constituted late payments under La.R.S. 23:1201(G) and thus recovery is limited to a $3,000.00 penalty. The trial court further assessed an attorney fee award of $4,500.00. Tidwell asserts that she proved without contradiction by Premier that her benefits were terminated contrary to a final judgment ordering they be paid "until the further orders of the court" and that her medical reimbursement claims were paid untimely in some instances and not paid at all in other instances in further derogation of the prior judgment. Indeed the record shows that Tidwell's benefits were "restarted" by Premier but

nevertheless had been terminated for approximately four weeks. Tidwell has demonstrated she is entitled to penalties under the provisions of La.R.S. 23:1201(I) which provides a cap at $8,000.00 rather than $3,000.00 as provided under La.R.S. 23:1201(G). The provisions of La.R.S. 23:1201(I) are applicable here and provide in pertinent part:

> Any employer or insurer who at any time discontinues payment of claims due and arising under this Chapter, when such discontinuance is found to be arbitrary, capricious, or without probable cause, shall be subject to the payment of a penalty not to exceed eight thousand dollars and a reasonable attorney fee for the prosecution and collection of such claims.

As Tidwell asserts, Premier *discontinued* court ordered payments to Tidwell in violation of a prior, final judgment, affirmed by this court in *Tidwell v. Premier Staffing*, *Inc*. 05-500 (La.App. 3 Cir. 2/1/06), 921 So.2d 1194. Clearly, La.R.S. 23:1201(I) applies "at any time" Premier discontinued the court ordered payments for "compensation benefits" and "all reasonable and necessary medical treatment." The phrase "any time" recited in La.R.S. 23"1201(I) certainly includes after judgment was rendered and affirmed by this court.

Premier asserts that Tidwell failed to show the requested reimbursements for medical expenses were related to her compensable injury. The WCJ found they were related and compensable. As we stated in the earlier *Tidwell* decision "the factual findings of a worker's compensation judge are subject to the manifest error standard of review." *Tidwell*, 621 So.2d at 1196, *citing Jeanise v. Cannon*, 04-1049 (La.App. 3 Cir. 2/23/05), 895 So.2d 651, *writs denied*, 05-785, 05-788 (La. 5/13/05), 902 So.2d 1021. In the previous *Tidwell* decision we found a review of the entire record supported the reasonableness of the WCJ's finding. In the present appeal, the WCJ had the entire record of the matter plus the new evidence introduced from which to reasonably conclude that the mileage reimbursements

presented for payment post-judgment were obviously related to the compensable injury. Tidwell's evidence bespeaks on-going treatment from the same physicians and continued medications. There is no doubt the expenses were incurred and it was reasonable for the WCJ to conclude they are part of the on-going medical treatment which Premier has been ordered to keep paying under a final judgment. Premier offered nothing to rebut these claims and offered no evidence to justify its refusal to pay as ordered by the court under the prior final judgment.

For the reasons as stated we reverse the WCJ's award of $3,000.00 in penalties and hereby award the sum of $8,000.00 in penalties as per the provisions of La.R.S. 23:1201(I). In all other respects we affirm the judgment of the WCJ. We further find that Tidwell is entitled to increased attorney fees for this appeal and hereby award Tidwell's attorney the sum of $5,000.00 for attorney fees on appeal. All costs of this appeal are assessed against Premier.

**AFFIRMED IN PART, REVERSED IN PART.**